TAYLOR, Judge.
The appellant, Connie Beavers, was convicted of criminal conspiracy to commit a controlled substance crime, a violation of § 13A-12-204, Code of Alabama 1975, and was convicted of trafficking in cocaine, a violation of § 13A-12-231(2)(a), Code of Alabama 1975. She was sentenced to 10 years in prison.
The appellant presents the following issues on appeal.
I
The appellant questions the sufficiency of the evidence to convict her of both conspiracy to commit a controlled substance crime and trafficking in cocaine.
Generally, an individual may be convicted of conspiracy to commit an offense as well as of the substantive crime. Cox v. State, 585 So.2d 182 (Ala.Cr.App.1991), and cases cited therein. However, when Alabama amended its drug laws, § 13A-12-205 was added. This section provides:
“Attempt, criminal solicitation, and criminal conspiracy to commit a controlled substance crime are offenses included in any controlled substance crime that is charged, and a defendant charged with any controlled substance crime may be convicted of attempt, solicitation, or conspiracy to commit it.”
(Emphasis added.)
Because attempt, criminal solicitation, and criminal conspiracy are defined by statute as lesser included offenses of the substantive controlled substance crime, an individual may not be convicted of both offenses. Such a conviction would violate the principles in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). See also Cox, supra.
The state’s evidence established that the appellant, Tom Beavers (the appellant’s husband), and Linton Beavers (Tom’s first cousin), had several discussions about obtaining cocaine in Cincinnati, Ohio, and transporting it to Alabama. Linton Beavers testified at trial that he had conversations with the appellant and her husband on May 1,1990; and that he had, in fact, recorded those conversations. Linton and Tom Beavers rented a car, and Linton drove to Cincinnati, picking up two other individuals in Kentucky, and brought the cocaine back to Alabama. Linton and the two other individuals arrived in Alabama, hid the cocaine in milk cartons in the woods in Talladega County and went looking for Tom Beavers. Linton went to the Beaverses’ house and found that no one was there. He telephoned the appellant and told her that he was back in Alabama. Approximately 20 minutes later, the appellant’s husband arrived to meet Linton. Not long after Tom Beaver’s arrival, the appellant drove up in a mini-van. The appellant’s husband took the appellant back to work and returned with the mini-van. Tom Beavers asked about the cocaine before he left and said that he would be back to pick it up. When Tom Beavers returned, he was arrested. Linton Beavers also stated that the appellant was present when the group discussed where they were going to hide the *1023 cocaine. The amount of cocaine involved was over 28 grams, an amount sufficient to invoke the trafficking statute, § 13A-12-2Sl(2)(a), Code of Alabama 1975.
Trafficking in cocaine is defined in § 13A-12 — 231 (2)(a); Code of Alabama 1975. This section states:
“Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixture containing cocaine, described in section 20-2-25(1), is guilty of a felony, which felony shall be known as ‘trafficking in cocaine.’ If the quantity involved:
“a. Is 28 grams or more, but less than 500 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of three calendar years and to pay a fine of $50,000.00.”
To prove a defendant has actual possession of a controlled substance, the state must show (1) actual or potential physical control, (2) intention to exercise dominion, and (3) external manifestations of intent and control. Jones v. State, 513 So.2d 8, 11 (Ala.Cr.App.1986). If constructive possession is relied upon, the state must further prove that the defendant had knowledge of the existence of the controlled substance. Bragg v. State, 536 So.2d 965, 967 (Ala.Cr.App.1988).
The appellant is legally accountable for the actions of the others involved in the offense. Section 13A-2-23, Code of Alabama 1975, addresses complicity and provides as follows:
“A person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense:
“(1) He procures, induces or causes such other person to commit the offense; or
“(2) He aids or abets such other person in committing the offense; or
“(3) Having a legal duty to prevent the commission of the offense, he fails to make an effort he is legally required to make.”
(Emphasis added.) The evidence presented shows that the appellant aided and abetted the individuals who brought the cocaine into Alabama; therefore, she is guilty of trafficking in cocaine. There was also sufficient evidence that the appellant was guilty of conspiracy to commit a controlled substance violation.
Conspiracy to commit a controlled substance offense is defined in § 13A-12-204, Code of Alabama 1975. This section states, in part:
“(a) A person is guilty of criminal conspiracy to commit a controlled substance crime if he engages in the conduct defined in section 13A-4-3(a), and the object of the conspiracy is a controlled substance crime.
“(b) The principles of liability and defenses for criminal conspiracy to commit a controlled substance crime are the same as those specified in sections 13A-4-3(b) through (f), section 13A-4-4, and section 13A-4-5.”
Section 13A-4-3(a), states:
“(a) A person is guilty of criminal conspiracy if, with the intent that conduct constituting an offense be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one or more of such persons does an overt act to effect an objective of the agreement.”
There was sufficient evidence presented to find the appellant guilty of both trafficking in cocaine and conspiracy to commit a controlled substance crime. However, the appellant could not be convicted of both conspiracy and trafficking in cocaine, because by statute, conspiracy is included in the substantive offense of trafficking in cocaine. Therefore, we affirm the appellant’s trafficking in cocaine conviction, but reverse her conviction for conspiracy to commit a controlled substance crime. In the interest of economy we will address the remaining issue presented by the appellant in her brief.
II
The appellant also contends that the state used its peremptory strikes to systematically remove black veniremembers from her jury in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
*1024 A total of nine black veniremembers were on the venire. Of those nine, the prosecutor struck four black veniremembers and defense counsel struck one black venire-member. The petit jury was composed of four black jurors and eight white jurors. The appellant challenges the striking of the following members of the venire, and the prosecutor gave the following reasons for his strikes: Veniremember number 16: Had a brother who had been prosecuted by the district attorney for trafficking in a controlled substance. Veniremember number 20: Had been arrested several times for driving under the influence; this fact was reported to the prosecutor by a police officer with the Talladega Police Department. Veniremember number 110: Had brothers who were “heavy drug users;” this was reported to the prosecutor by a Talladega County deputy. It is apparent that each black veniremember struck by the prosecutor had a close family member who had engaged in criminal activity, or that they had themselves engaged in such activity. These reasons have been held to be sufficiently race-neutral. Currin v. State, 535 So.2d 221 (Ala.Cr.App.), cert. denied, 535 So.2d 225 (Ala.1988); Powell v. State, 548 So.2d 590 (Ala.Cr.App.1988), aff'd, 548 So.2d 605 (Ala.1989); Pollard v. State, 549 So.2d 593 (Ala.Cr.App.1989); Bryant v. State, 516 So.2d 938 (Ala.Cr.App.1987). The record clearly demonstrates that the prosecutor in this case did not use his peremptory strikes in a racially discriminatory manner.
As stated in part I of this opinion, this cause is affirmed as to the trafficking in cocaine conviction and reversed as to the lesser included offense of conspiracy to commit a controlled substance violation. The trial court is instructed to vacate the appellant’s sentence and conviction for the conspiracy violation.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
All the Judges concur.