TAYLOR, Judge.
The appellant, Porter Powell, was convicted of trafficking in cocaine, a violation of 13A-12-231(2), Code of Alabama 1975, and of criminal conspiracy to traffic in cocaine, a violation of 13A-12-204, Code of Alabama 1975. He was sentenced to life imprisonment on each count pursuant to the Habitual Felony Offender Act, 13A-5-9> Code of Alabama 1975.
The State’s evidence tended to show the following: On April 16, 1990, state and local drug enforcement agents participated in a “reverse sting” operation at a local motel room in Montgomery, Alabama. The motel room was fitted with video and audio tape recording capabilities to document the transaction.
During this operation, the drug enforcement agents posed as cocaine distributors and let it be known, through informants, that they had large quantities of cocaine for sale. The enforcement agents met in the motel room with Geneva Knowles, who was accompanied by an informant and another female companion, and negotiated her purchase of two kilos of cocaine for $20,000 each. Later that day, Ms. Knowles returned to the agent’s motel room accompanied by the appellant. The appellant explained to the agents that he and Ms. Knowles did not have the entire amount ($40,000) to consummate the deal. However, he stated that they did bring approximately $34,000 in cash and that they wanted to purchase that dollar amount of cocaine. The agents agreed to sell one and three-fourths kilos of cocaine for $34,000. The appellant, Ms. Knowles, and one of the agents then went to the appellant’s vehicle, where the appellant retrieved from the trunk a plastic bag filled with cash. The parties returned to the motel room, where a bag containing cocaine was produced for the appellant’s inspection.
The agents testified that the appellant punctured the bag and tasted the cocaine by placing a quantity of it on his tongue. He then tested the cocaine’s quality, using a test tube and baking soda given to him by Ms. Knowles. The appellant announced his satisfaction with the quality of the cocaine and then Ms. Knowles was given a briefcase containing one kilo of cocaine and *654 one kilo of “prop.” [1] After the appellant took possession of the cocaine from Ms. Knowles, he was placed under arrest by the agents on the scene.
I
The appellant first contends that the trial court erred by allowing the State to proceed against him, over objection, on both the trafficking in cocaine and the conspiracy to traffic in cocaine charges. He bases his argument on § 13A-12-205, Code of Alabama 1975. This section provides that:
“Attempt, criminal solicitation and criminal conspiracy to commit a controlled substance crime are offenses included in any controlled substance crime that is charged and a defendant charged with any controlled substance crime may be convicted of attempt, solicitation, or conspiracy to commit it.”
(Emphasis added.)
The aforementioned statute specifically designates criminal conspiracy as a lesser included offense of any controlled substance crime. Therefore, the appellant cannot be convicted of both the substantive controlled substance offense and its lesser included offense of criminal conspiracy. Beavers v. State, [Ms. 90-470, November 15, 1991] 1991 WL 273419 (Ala.Cr.App. 1991). “Such a conviction would violate the principles in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).” Beavers, 1991 WL 273419, *1. Accordingly, we have no choice but to reverse the appellant’s conviction for criminal conspiracy to traffic in cocaine. We will address the remaining issues presented by the appellant only to the extent that they concern his conviction for trafficking in cocaine.
II
The appellant maintains that the evidence presented at trial was insufficient to support his conviction for trafficking in cocaine.
Section 13A-12-231(2) provides that:
“Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixture containing cocaine, described in section 20-2-25(1), is guilty of a felony, which felony shall be known as ‘trafficking in cocaine.’ ”
(Emphasis added.)
In the present case, it is uncontested that the amount of cocaine involved is in excess of 28 grams. Likewise, the appellant knew that the substance involved was cocaine, considering that he performed several tests to determine its quality. Therefore, the only area of contention is whether the appellant was ever in possession of the cocaine.
In order to prove actual possession, the State must show that the appellant had actual or potential physical control of the controlled substance; that he had an intent to exercise dominion over the controlled substance; and that he manifested intent and control. Beavers, supra; Jones v. State, 513 So.2d 8 (Ala.Cr.App.1986).
The State presented testimony that the appellant took possession of the briefcase containing the cocaine from Ms. Knowles. He then placed the briefcase on the motel room bed in order to examine its contents immediately prior to his arrest. The duration of the appellant’s possession of the cocaine, no matter how brief, is irrelevant. See Robinson v. State, 428 So.2d 148 (Ala.Cr.App.), cert. denied, 462 U.S. 1137, 103 S.Ct. 3122, 77 L.Ed.2d 1374 (1983). Therefore, the evidence was sufficient to support the appellant’s conviction for trafficking in cocaine.
Ill
The appellant finally contends that the trial court erred by receiving a videotape of the drug transaction into evidence. *655 He asserts that this tape was inadmissible because the State failed to establish a valid chain of custody.
This issue was never presented to the trial court. The appellant did make a motion in limine to exclude portions of the videotape from evidence on the grounds that he appears only in the second half of the tape. However, no objection was made at the time the video was actually offered into evidence. An adverse ruling to a motion in limine does not preserve any error for appellate review unless a timely and specific objection is made to the introduction of the subject evidence at trial. Phillips v. State, 527 So.2d 154, 157 (Ala.1988). See also, Hagood v. State, 588 So.2d 526 (Ala.Cr.App.1991). Therefore, this issue was not preserved for our review.
For the reasons stated above, we affirm the appellant’s conviction for trafficking in cocaine. The appellant’s conviction for criminal conspiracy to traffic in cocaine is due to be reversed because it is a lesser included offense of trafficking in cocaine.
AFFIRMED IN PART; AND REVERSED IN PART.
All the Judges concur, except MONTIEL, J., who recuses.

. The “prop” used in this case was a kilo of baking soda wrapped in such a manner as to look like a kilo of cocaine.