ALMON, Justice.
This Court issued a writ of certiorari to review certain issues raised by the petitioner. The only judgment of conviction in the record now before us reads as follows:
“It is the judgment of the Court that the Defendant is guilty of the offense of CRIMINAL CONSPIRACY TO TRAFFIC IN COCAINE as charged in the indictment. It is further judgment of the Court that the defendant’s punishment be fixed at imprisonment in the penitentiary of the State of Alabama for 10 years and 0 days, and defendant being in open Court and being asked and saying nothing why sentence should not now be imposed, it is therefore CONSIDERED, ORDERED, AND ADJUDGED by the Court that the defendant be, and defendant is hereby sentenced to the penitentiary of the State of Alabama for 10 years and 0 days.”
The judgment is signed by the trial judge, with the further handwritten notation, “Fine in the sum Of $25,000.00 ordered.”
*1025 Thus, it is clear that the only judgment of conviction against Connie Beavers is for the offense of conspiracy to traffic in cocaine. The Court of Criminal Appeals treated the case as though she had been convicted for both conspiracy and trafficking. 627 So.2d 1021. That court’s judgment purports to affirm a conviction for trafficking in cocaine and to reverse a conviction for conspiracy to traffic in cocaine because, the court says, the latter conviction violates double jeopardy principles when combined with the former purported conviction. It is true that the jury returned guilty verdicts on both counts, and the parties do treat the case as though a judgment of conviction had been entered on both counts. However, it is clear that the judgment of conviction will not support the judgment entered by the Court of Criminal Appeals, so that latter judgment must be reversed, and the cause remanded. Because no proper judgment is before us at this time, we decline to address the arguments advanced in the petition and the briefs.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON, STEAGALL* KENNEDY and INGRAM, JJ., concur.