AFTER REMAND FROM THE ALABAMA SUPREME COURT

TAYLOR, Judge.
The appellant was convicted of both conspiracy to commit a controlled substance crime and of trafficking in cocaine. This court reversed the judgment of the circuit court and remanded this cause to the Circuit Court for Talladega County. Beavers v. State, 627 So.2d 1021 (Ala.Cr.App.1991). The appellant appealed that decision to the Aabama Supreme Court and that court, after granting certiorari review, held that no proper judgment was before it because it appeared from the record that the circuit court found the appellant guilty only of conspiracy to traffic in cocaine. Ex parte Beavers, 627 So.2d 1024 (Ma.1992).
Upon further review of the record after remand, we stand corrected. The trial judge stated in open court that he found the appellant guilty of both conspiracy and trafficking in cocaine after the jury returned that verdict. On the case action summary sheet, the circuit judge wrote by hand:
“Jury returns verdict finding the defendant Connie Beaver guilty of Count I [com- *1026 spiracy to traffic in cocaine] and Count II [trafficking in cocaine] as charged in the indictment.
This entry is signed by the circuit judge.
Further down on the case action summary sheet is a stamped form entry, which states:
“It is the judgment of the Court that the Defendant is guilty of the offense of CONSPIRACY TO TRAFFIC IN COCAINE as charged in the indictment.' It is further the judgment of the Court that defendant’s punishment be fixed at imprisonment in the penitentiary of the State of Alabama for 10 years and _0_ days, and defendant being in open Court and being asked and saying nothing why sentence should not now be imposed, it is therefore CONSIDERED, ORDERED, AND ADJUDGED by the Court that the defendant be, and defendant is hereby sentenced to the penitentiary of the State of Alabama for _10 years and _0_ days.”
The entries in the previously blank spaces provided above were typed in, presumably by the clerk. This entry is also signed by the circuit judge.
At the sentencing hearing the court stated: “The Court: It is the judgment of the Court that the defendant is guilty of the offense as named in the indictment in this case, and the offense is Count I of Criminal Conspiracy to Commit Controlled Substances and Count II trafficking [in cocaine]. All of this is charged in the indictment. It is the further judgment of the Court that the defendant’s sentence be fixed at imprisonment in the penitentiary of the State of Alabama for ten (10) years and no days. Defendant being in open Court and being asked and saying nothing why sentence should not now be imposed, it is therefore considered, ordered and adjudged by the Court that the defendant be and defendant is hereby sentenced to the penitentiary for the State of Alabama for ten (10) years and no days. In addition to this present sentence, the law requires that I impose you a fine set out in Alabama Code, and that amount is $25,000.”
(R. 3, 4)
Therefore, the court sentenced the appellant to a 10-year term in prison, without specifying whether the sentence was on the conspiracy count or the trafficking count. However, the bench note makes it clear that the sentence was based on the conspiracy count. No error occurred.
We note, however, that the appellant was not fined as required by § 13A-12-231, Code of Alabama 1975. “A criminal conspiracy to commit a controlled substance crime shall be punished the same as the controlled substance crime that is the object of the conspiracy.” § 13A-12-204(c), Code of Alabama 1975. According to § 13A-12-231(2)(a), if the amount of cocaine involved is 28 grams but less than 500 grams of cocaine or any mixture containing cocaine, the mandatory fine is $50,000. Thus we must remand this cause to the trial court so that it can impose the mandatory fine in accordance with the statute.
This cause is remanded to the Circuit Court for Talladega County to conform the sentence with § 13A-12-231(2)(a), Code of Alabama 1975. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.