ON RETURN TO REMAND
TAYLOR, Judge.
The appellant, Porter Powell, was convicted of trafficking in cocaine and of conspiracy to traffic in cocaine. On direct appeal, we affirmed the appellant’s conviction for trafficking in cocaine and reversed the appellant’s conviction for conspiracy to traffic in cocaine because it was a lesser included offense of the trafficking offense. Powell v. State, 596 So.2d 652 (Ala.Cr.App.1992). In May 1992, the appellant filed a petition for post-conviction relief challenging his trafficking conviction on the basis that his appellate counsel had rendered ineffective assistance. The trial court denied the petition. The appellant appealed the denial of his petition and this court remanded the cause to the Circuit Court for Montgomery County so that that court could make specific findings of fact concerning the appellant’s claim of ineffective assistance of counsel. Powell v. State, 616 So.2d 370 (Ala.Cr.App.1992). Rule 32.9, A.R.Crim.P. The trial court has complied with our directions and has filed its findings with this court.
The appellant argued that his appellate counsel rendered ineffective assistance because, the appellant says, counsel failed to seek a rehearing in this court. Specifically, the appellant argues that his appellate counsel should have challenged, in an application for rehearing, his trafficking conviction on double jeopardy grounds. This court, on direct appeal, reversed the appellant’s conviction for conspiracy to traffic in cocaine because it was a lesser included offense of trafficking in cocaine and because the conspiracy conviction violated his constitutional right to be free from double prosecution for the same offense. Powell. The double jeopardy issue was raised and addressed in our opinion on direct appeal. Therefore, the trial court’s denial of the appellant's petition for post-conviction relief is affirmed.
AFFIRMED.
All the Judges concur.