The appellant, Alan Dale Kolmetz, appeals the denial of his Rule 32, A.R.Cr.P., petition.
In his petition, the appellant alleged that his trial counsel was ineffective because his counsel: 1) failed to consult with him during pretrial proceedings; 2) failed to investigate possible defenses; 3) failed to object to the indictment on the ground that it was not timely read to the jury; 4) failed to object to the method used to strike the jury; 5) failed to object to the sentence imposed by the court; 6) elicited testimony that opened the door for the State to offer into evidence his refusal to allow a blood sample to be taken; and 7) failed to ensure that all exhibits were sent in with the jury during deliberations.
Additionally, at the evidentiary hearing on the petition the appellant argued: 1) that trial counsel failed to raise on appeal the issue whether the State failed to present a prima facie case; 2) that the State used false testimony in presenting its case; and 3) that the trial court erred in failing to charge the jury on vehicular homicide.
Subsequent to the evidentiary hearing, the trial court issued the following order:
 "The matter before the court is the Rule 32 petition filed by defendant claiming trial error, improper instructions to the jury, improper sentencing, insufficiency of the evidence, and ineffectiveness of counsel. The court has considered not only the grounds raised in defendant's petition but also those additional grounds raised in testimony at the hearing.
 "Upon consideration of the petition, the testimony and the record, the court finds that defendant's trial was properly conducted and that his retained trial counsel conducted an extensive pretrial investigation and was thorough and professional in the conduct of the trial. The attorney's tactical decisions were proper and in the best interest of his client. There was substantial evidence against the defendant in this case and his claimed errors of trial counsel would not have made any difference in the outcome of the case."
Because, however, the trial court failed to make "specific findings of fact relating to each material issue of fact presented" on the appellant's claims of ineffective assistance of counsel, this cause is remanded to the trial court. Rule 32.9, A.R.Cr.P.; Powell v. State, 616 So.2d 371 (Ala.Cr.App. 1993). Due return should be filed in this court no later than 28 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.