The appellant, Glenn C. Owens, filed a petition under Rule 32, A.R.Cr.P., challenging his 1991 convictions for receiving stolen property, burglary, and theft. An appeal from these convictions was dismissed on the appellant's own motion. The Rule 32 petition sought relief based on the grounds of ineffective assistance of counsel, lack of jurisdiction, and newly discovered material facts. In his memorandum in support of his Rule 32 petition, the appellant raised the additional grounds that the Uniform Mandatory Disposition of Detainers. Act and the principles of double jeopardy had been violated. Thereafter, he amended his petition to add claims of unlawful arrest and unconstitutional search and seizure. The trial court then set the petition for a hearing. Two days before the hearing, the State filed its response, requesting that the petition be dismissed on the grounds that the appellant's guilty plea was voluntary and that his claims of ineffective assistance of counsel, double jeopardy, unlawful arrest, and unconstitutional search and seizure were without merit. Following the hearing, the trial court dismissed the petition.
The appellant contends that the trial court erred in dismissing his petition as to the following: (1) violation of the right to speedy trial, (2) the trial court's lack of jurisdiction, based on noncompliance with the Uniform Mandatory Disposition Detainers Act and on an alleged unlawful arrest, (3) violation of double jeopardy principles, and (4) ineffective assistance of counsel. The State contends that the petition was properly dismissed under Rule 32.3 and 32.6(b), A.R.Cr.P., because, it says, the appellant failed to meet the burden of pleading and proof, in that he failed to plead with the required specificity. The State further contends that the petition was precluded by Rule 32.2(a)(5), because, he says, the appellant could have raised his claims on direct appeal but did not because his appeal was dismissed on his own motion.
The trial court's order dismissing the petition states that the appellant informed the court that he was not attacking his guilty plea or his sentence but that he was seeking dismissal of the charges against him on the grounds of lack of jurisdiction, violation of the right to a speedy trial, violation of the principles of double jeopardy, and ineffective assistance of counsel. The order further states that the appellant complains that he was arrested on an improper warrant and that his right to a speedy trial was violated because, he says, he was not tried within the time required under the Uniform Mandatory Disposition of Detainers. Act. Finally, the order states that the appellant's allegations of ineffective assistance of counsel "basically *Page 32 
track the same misplaced reliance upon the Defendant's interpretation of Alabama law." The trial court then dismissed the petition, stating that "[t]here is nothing for the Court to review in this case in a Rule 32 proceeding as the petition appears on its face to be devoid of merit."
Summary disposition of a petition that is not sufficiently specific or that fails to state a claim is authorized under Rule 32.7(d), A.R.Cr.P. In this case, however, the trial court did not summarily dispose of the petition but instead proceeded to an evidentiary hearing. Following that hearing, the court was required by Rule 32.9, A.R.Cr.P., to make "specific findings of fact relating to each material issue of fact presented." In addition, the court was required to specify the reasons for its dismissal of the petition, whether procedural or on the merits, with regard to all of the grounds raised in the appellant's petition. A statement of the basis of the trial court's decision is essential to afford the appellant due process. See Sheats v. State, 556 So.2d 1094 (Ala.Cr.App. 1989). Therefore, this cause must be remanded to the trial court for entry of specific findings of fact supporting the trial court's dismissal of the appellant's petition. A return is to be filed with this Court within 45 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.