709 So.2d 498 (1996)
Vernon Elan JONES, alias
v.
STATE.
CR-95-45.
Court of Criminal Appeals of Alabama.
July 3, 1996.
Opinion on Return to Remand November 1, 1996.
Rehearing Denied June 20, 1997.
Certiorari Dismissed August 5, 1997.
Deborah McGowin, Mobile, for appellant.
Vernon E. Jones, pro se.
Jeff Sessions and Bill Pryor, attys. gen., and Gail Hampton, asst. atty. gen., for appellee.
Alabama Supreme Court 1961672.
McMILLAN, Judge.
The appellant, Vernon Elan Jones, filed a Rule 32, Ala.R.Crim.P., petition, challenging his conviction of receiving stolen property in the second degree on the ground of ineffective assistance of counsel. He stated that he was sentenced to 15 years' imprisonment and that sentence was split, and he was ordered to serve 3 years consecutively with any sentence he was then serving. He further stated that his conviction was affirmed by this Court on appeal. The State responded that the issue raised by the appellant  ineffective assistance of counsel  was precluded under Rule 32.2(a)(4), Ala.R.Crim.P., because it could have been, but was not raised on appeal. The trial court conducted an evidentiary hearing and denied the appellant's petition with the following entry on the case action summary sheet: "Defendant's petition is denied."
On appeal, the appellant states a single claim: that his trial counsel was ineffective for failing to investigate the testimony of his brothers Reginald Jones and James Jones and for failing to subpoena them to testify in his behalf at trial. However, this Court is unable to make a determination with regard to this claim because the order issued by the trial court did not set forth findings of fact or state the basis on which the appellant's petition was denied. Rule 32.9(d) requires the trial court to make specific findings of fact relating to each material issue of fact presented to the trial court. In addition, the basis of the trial court's ruling, whether procedural or on the merits, must be clear. Henderson v. State, 570 So.2d 879 (Ala.Cr. App.1990).
Therefore, this cause is due to be remanded to the trial court for the entry of written findings of fact and for a specific statement as to the basis and reasons for the denial of *499 the appellant's petition. A return should be filed with this Court within 60 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur.

On Return to Remand
McMILLAN, Judge.
This cause was remanded in order for the circuit court to enter written findings of fact and a specific statement as to its reasons for denying the appellant's Rule 32, Ala. R.Crim.P., petition. The court has now filed its return, which states, in pertinent part, that this Court affirmed the appellant's conviction for receiving stolen property in the second degree and that the certificate of final judgement was entered on March 3, 1995. The court further states that the appellant's Rule 32 petition was filed on May 22, 1995.
With regard to the reason for its denial, the court states that the issues raised by the appellant are precluded under Rule 32.2(a)(5), Ala.R.Crim.P., in that they could have been, but were not, raised on appeal and are not grounds for relief under Rule 32.1(b), Ala.R.Crim.P. The findings and reason are supported by the record on remand. Therefore, the judgment of the circuit court is due to be, and it is hereby, affirmed.
AFFIRMED.
All judges concur.