The appellant, Charles Wayne Anglin, appeals the summary denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P. The appellant was convicted of robbery in the first degree, a violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to life imprisonment without parole pursuant to the Habitual Felony Offender Act. The appellant's conviction was affirmed by this court in an unpublished memorandum. Anglin v. State, 668 So.2d 936
(Ala.Cr.App. 1995) (table of cases). The appellant now challenges his conviction by petition for post-conviction relief.
The appellant, in his petition, contends that he was denied the effective assistance of trial and appellate counsel. The trial court denied the petition on the grounds that the issues raised in the petition were, or could have been, presented on direct appeal. Rule 32.2(a)(5), Ala.R.Crim.P. The appellant had the same counsel at trial and on appeal; therefore, a Rule 32 petition for post-conviction relief is the correct method to claim ineffective assistance of counsel. Hale v.State, 611 So.2d 1202 (Ala.Cr.App. 1992).
The state, on appeal, has requested that this cause be remanded to the Circuit Court for Baldwin County for an evidentiary hearing to address the appellant's claims of ineffective assistance of counsel. The trial court is directed to hold an evidentiary hearing and to "make specific findings of fact relating to each material issue of fact presented," as required by Rule 32.9(d), Ala.R.Crim.P. This cause is remanded to the Circuit Court for Baldwin County for proceedings not inconsistent with this opinion. Due return should be filed in this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.
 On Return to Remand
BROWN, Judge.
The appellant, Charles Wayne Anglin, appealed from the summary denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his June 1994 conviction for first-degree robbery and the resulting sentence of life imprisonment without the possibility of parole.
On the preprinted portion of his Rule 32 petition under the heading "Grounds of Petition," the appellant claimed that his sentence exceeded that authorized by law. The appellant also made several allegations of ineffective assistance of trial and appellate counsel.[1] Specifically, he alleged that his trial counsel was ineffective because, he said, his counsel: 1) failed to establish a prima facie case of racial discrimination in the prosecution's use of its peremptory strikes to remove black persons from the venire; 2) did not challenge the state's failure to produce investigative reports before trial; 3) failed to adequately investigate and discover that the prior convictions used to enhance his sentence were invalid; 4) failed to challenge the trial court's allegedly erroneous jury instructions; and 7) failed to request that the trial court instruct the jury as to lesser included offenses. In addition, the appellant claimed that his counsel did not provide effective assistance on direct appeal because, he said, counsel did not challenge the sufficiency of the evidence, and because, he said, counsel did not allege prosecutorial misconduct.
The trial court summarily denied the petition, finding that the allegations were precluded from review because they either were, or could have been, raised on direct appeal. This Court found that because the appellant had the same counsel at trial and on appeal, the Rule 32 petition was the correct method to present claims regarding the effectiveness of counsel. Accordingly, we remanded the cause to the trial court with instructions that the trial court conduct an evidentiary hearing and "`make specific findings of fact relating to each material issue of fact presented,' as required by Rule 32.9(d), Ala.R.Crim.P." *Page 857 Anglin v. State, 719 So.2d 855, 856 (Ala.Cr.App. 1996).
On remand, the trial court appointed counsel to represent the appellant in the Rule 32 proceedings. The court conducted an evidentiary hearing during which the appellant presented evidence on several additional instances of alleged ineffective assistance of counsel, including numerous instances of trial counsel's failure to object to allegedly improper evidence, as well as several instances of counsel's alleged failure to adequately investigate the case against the appellant and to prepare for trial. Following the hearing, the appellant's Rule 32 counsel filed a brief with the trial court in support of the Rule 32 petition. In addition to reasserting the appellant's previous claims, the appellant's counsel also averred that newly discovered evidence existed, which, counsel claimed, entitled the appellant to a new trial. The state filed a response, essentially arguing that the appellant was not entitled to relief on the allegations presented.
On July 1, 1997, the trial court denied the appellant's petition by the following written order:
 "This cause was presented to this Court on Petitioner's Petition For Relief From Conviction and this Court, having been directed to conduct an evidentiary hearing to address Appellant's claim of ineffective assistance of counsel, and having held an evidentiary hearing, hereby makes the following findings and enters the following order:
 "That this Court does not find that counsel for Defendant was ineffective, such that, Defendant should be entitled to a new trial. Accordingly, Defendant's petition is denied."
Rule 32.9(d), Ala.R.Crim.P., requires that if an evidentiary hearing is conducted on the Rule 32 petition, "[t]he court shall make specific findings of fact relating to each
material issue of fact presented." (Emphasis added.) Although the appellant presented a number of allegations of ineffective assistance of counsel in his petition, as well as evidence relating to several additional claims of ineffective assistance of counsel in the evidentiary hearing, "the order of the trial court does not specify which claims its order of denial encompasses, nor does it make specific findings of fact with regard to each of these claims." Bland v. State,673 So.2d 459, 460 (Ala.Cr.App. 1994).
Although we recognize that the trial courts of this state labor under a heavy caseload, and that requiring the trial court to prepare an order addressing each of the material allegations presented in the Rule 32 evidentiary hearing only adds to this already heavy burden, we must nonetheless remand this cause to the trial court, with instructions that it enter specific findings of fact "relating to each material issue of fact presented." Rule 32.9(d), Ala.R.Crim.P. (Emphasis added.) See also, Ex parte Walker, 652 So.2d 198
(Ala. 1994); Smith v. State, 665 So.2d 954
(Ala.Cr.App. 1994); Kolmetz v. State, 649 So.2d 1342
(Ala.Cr.App. 1994). As we have stated, "[a] statement of the basis of the trial court's decision is essential to afford the appellant due process." Owens v. State, 666 So.2d 31,32 (Ala.Cr.App. 1994).
The trial court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 60 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All the Judges concur, except BASCHAB, J., who recuses.
[1] The appellant's trial counsel also represented the appellant on direct appeal. *Page 1179