The appellant, Michael R. Pardue, appeals from the denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his 1988 convictions for second-degree escape, first-degree burglary, and first-degree theft of property.
An understanding of Pardue's long history in Alabama's justice system is necessary to understand the issues raised in this appeal.
 "The appellant was originally charged with three murders that occurred between midnight and 6:00 a.m. on May 22, 1973. Two of the murders took place in Mobile County and one in Baldwin County. On October 24, 1973, the appellant pleaded guilty in Mobile Circuit Court to first degree murder for the murder of William Harvey Hodges and Theodore Roosevelt White. The appellant was convicted after a jury trial in Baldwin County Circuit Court for the murder of Ronald Rider. That conviction was reversed by the Alabama Supreme Court in Ex parte Pardue, 661 So.2d 268 (Ala. 1994). On December 16, 1994, pursuant to a petition for a writ of habeas corpus challenging the voluntariness of his confession, the United States District Court for the Southern District of Alabama overturned the Mobile convictions for the murders of Hodges and White. The Federal court gave the State of Alabama 180 days to retry the appellant or dismiss the indictments. Pardue was reindicted for the murder of Hodges and the State nol-prossed the charge for the murder of White because vital witnesses had died."
Pardue v. State, 695 So.2d 199, 200 (Ala.Cr.App. 1996). A jury found Pardue guilty of the murder of Hodges. He was sentenced to 100 years' imprisonment and was given credit for 22 years already served. On August 23, 1996, on direct appeal from that conviction, this Court reversed Pardue's conviction, finding that his confession *Page 840 
had been improperly admitted into evidence. Pardue, 695 So.2d at 205-06.
While Pardue was incarcerated for the above convictions, he escaped. In March 1988, he was convicted of escape in the second degree, burglary in the first degree, theft of property in the first degree, and theft of property in the second degree. He was sentenced as a habitual offender to 10 years' imprisonment for the escape conviction, to life imprisonment without the possibility of parole for the burglary conviction, to life imprisonment for the first-degree-theft conviction, and to 20 years' imprisonment for the second-degree-theft conviction. On appeal from those convictions, this Court affirmed the conviction for escape in the second degree, vacated the conviction for burglary in the first degree, and remanded the cause so that Pardue could be adjudged guilty of burglary in the third degree. This Court also ordered that one of the theft convictions be vacated. In addition, this Court ordered that Pardue be properly resentenced on all the convictions in accordance with the Habitual Felony Offender Act. See Pardue v. State,571 So.2d 320 (Ala.Cr.App. 1989). The Alabama Supreme Court reversed this Court's judgment directing the trial court to vacate the burglary in the first degree conviction. See Ex parte Pardue,571 So.2d 333 (Ala. 1990). On return to remand, following the trial court's compliance with the orders of the appellate courts, Pardue's conviction of theft of property in the first degree was affirmed,[1] and his sentences of 10 years' imprisonment for escape (without any enhancement), life imprisonment without parole for burglary in the first degree, and life imprisonment for theft in the first degree (to run concurrently) were affirmed. See Pardue v. State, 584 So.2d 888 (Ala.Cr.App. 1991).
In May 1995, Pardue filed a Rule 32, Ala.R.Crim.P., petition challenging his resentencing on the burglary and theft convictions. He raised six grounds in that petition. The trial court denied grounds one through five, but agreed with Pardue on the sixth ground, i.e., that he was entitled to be resentenced on his convictions for burglary in the first degree and for theft of property in the first degree. Following a hearing on the Rule 32 petition, the trial court resentenced Pardue under the Habitual Felony Offender Act, and imposed concurrent sentences of life imprisonment without parole on the burglary-in-the-first-degree conviction and life imprisonment on the theft-of-property-in-the-first-degree conviction.
Pardue raised the following issues on appeal from the denial of that Rule 32 petition:
 "1 — Whether the appellant was properly sentenced under the [Habitual Felony Offender Act] at subsequent sentencing hearings where the State failed to prove prior convictions at the original sentencing hearing.
 "2 — Whether the appellant's constitutional right to equal protection was violated where counsel for appellant failed to raise at or before trial a claim of equal protection alleging that the prosecution had singled out appellant for prosecution for the crime of burglary in the first degree where appellant merely stole a pistol during [the] burglary of an unoccupied dwelling.
 "3 — Whether the appellant's right against double jeopardy was violated because counsel for appellant failed to raise a double jeopardy claim where appellant was charged with theft of property of an automobile and burglary arising out of the same incident. *Page 841 
 "4 — Whether admission of evidence of prior convictions at trial for purposes of impeachment substantially prejudiced the appellant so as to violate his constitutional rights."
This Court affirmed the trial court's ruling by unpublished memorandum. Pardue v. State, 687 So.2d 227 (Ala.Cr.App. 1996) (table). We held:
 "Issue number 4 is procedurally barred pursuant to Rules 32.2(a)(3) and (5), Ala.R.Crim.P., as an issue which should have been raised at trial, or which should have been raised on appeal. Issues number 2 and 3 were addressed on direct appeal and were decided adversely to the appellant. See Pardue v. State, 571 So.2d 333, 335 (Ala. 1990) ('The fact that Pardue armed himself with a deadly weapon while in the dwelling brings him within the purview of § 13A-7-5(a).'); and Pardue v. State, 571 So.2d 320, 330 (Ala.Cr.App. 1989) (`Although § 15-3-8, Code of Alabama 1975, does not forbid double conviction for [burglary and theft arising out of the same act], it does forbid double punishment. . . . Whether this rule is served by a single sentence or concurrent sentences is a matter confided to the judge's discretion.'). Therefore, these issues have been previously addressed on appeal and are precluded from review pursuant to Rule 32.2(a)(4). There cannot be ineffective assistance of counsel where no error was made.
 "An issue concerning the legality of a sentence may be raised at any time. However, there is no merit to issue number 1. The appellant has been sentenced three times because of the State's failure to prove prior convictions or the reversal of prior convictions used for enhancement purposes. He was sentenced subsequent to his conviction, resentenced on remand, and [then] resentenced pursuant to his Rule 32 petition. The appellant argues that because the State failed to prove the three prior felony offenses for which he was first given notice for his original sentencing, his sentence cannot be enhanced at a subsequent sentencing hearing pursuant to the [Habitual Felony Offender Act]. According to the appellant, because the State failed to prove prior convictions at his first sentencing, application of the [Habitual Felony Offender Act] was not triggered; therefore, it cannot be applied at a subsequent sentencing hearing. The appellant does not dispute that he was timely notified before each sentencing hearing of the state's intention to seek enhancement of his sentence by application of the [Habitual Felony Offender Act] and that he was presented with the specific prior convictions to be proven for that purpose. At the appellant's Rule 32 hearing the State presented certified copies of the following three prior convictions for which the appellant had been sent notice on July 25, 1995: 1) escape from Elmore County, CC-78-163, 2) grand larceny in the circuit court of Mobile County, DC-78-2264, and 3) escape from Mobile County, DC-78-2268. R. 4 There was no contention that these prior convictions were invalid. There is no merit to the appellant's argument."
On October 31, 1997, Pardue filed the Rule 32 petition that is the subject of this appeal. On the portion of the Rule 32 form headed, "Grounds of Petition," Pardue checked that he was entitled to relief because his convictions were obtained by a violation of the protection against double jeopardy, that he had been denied the effective assistance of counsel, that the sentences exceeded the maximum authorized by law, and that newly discovered material facts existed that required that his convictions be vacated. Pardue presented *Page 842 
lengthy, handwritten arguments in support of these grounds.
Pardue claimed that his sentences for the burglary conviction and the theft conviction were disproportionate to the crimes committed. He maintained that the trial court had a duty to ignore the provisions of the Habitual Felony Offender Act when sentencing him for these offenses; he further claimed that to do otherwise would violate his constitutional rights. (C.R. 13.) In addition, he argued that his burglary sentence was excessive because, he says, the burglary was a nonviolent offense, and because he only took the gun from the home he burglarized to barter the gun for gasoline. (C.R. 15.)
Pardue also alleged that he was denied a fair trial because of the impermissible introduction of evidence of prior bad acts. Specifically, he claimed that the state unlawfully introduced evidence of his earlier murder convictions, which were subsequently overturned. (C.R. 14.)
Pardue further contended that his conviction for burglary and the resulting sentence of life imprisonment without parole was a result of selective prosecution. He maintained that the only reason he was prosecuted for the offense was because he burglarized the house of one of the deputy wardens at the prison. (C.R. 16.)
Pardue also claimed that his conviction of first-degree burglary and his conviction of theft of property in the first degree violated the prohibition against double jeopardy. Specifically, he alleged:
 "On direct appeal, the theft of the automobile and pistol were found to violate the double jeopardy clause and the prosecution, on remand, dismissed the theft of the pistol, the sole element required by law to convict petitioner of first degree burglary. The judgment that the pistol conviction violated the double jeopardy clause renders that evidence unavailable to be used as a required element for the first degree burglary conviction, thus the burglary conviction violates double jeopardy.
 "Furthermore, Petitioner cannot be convicted of an element required to sustain a conviction on another crime. With the pistol element unavailable to sustain the burglary first conviction, the theft of the automobile then becomes the required element of `theft,' in the burglary statute, rendering the automobile theft unavailable for `separate' conviction. "Petitioner's convictions for `both' burglary and theft of the burglarized victim's automobile violate the double jeopardy clause and must be vacated."
(C.R. 17.) (Emphasis in original.)
Pardue alleged that he received the ineffective assistance of trial and appellate counsel. He claimed that his trial counsel failed to "develop the selective enforcement defense, double jeopardy violations, . . . [that trial counsel] made no effort to gain vital sociological, psychological tests and evidence to prepare a defense . . . [and that counsel] failed to object to unconstitutional evidence being submitted to the jury." (C.R. 18.) He also claimed that trial counsel was ineffective because, he said, counsel "refused to adopt Petitioner's pro-se motions in a timely manner so that the pre-trial motions were lost and Petitioner [was] denied evidence from the psychological evaluations and selective enforcement issues, which would have resulted in Petitioner not being convicted." (C.R. 18.) Pardue alleged that his appellate counsel was ineffective because counsel "failed to cite authorities and forward available arguments that would have reversed the cases." (C.R. 18.)
Last, Pardue asserted that his sentences were unlawful because, he claimed, the "state used prior convictions at a third *Page 843 
sentencing [hearing] that were the direct result of Petitioner's unconstitutional confinement." (C.R. 19.)
Pardue filed a lengthy memorandum brief in support of his allegations, in which he essentially reasserted the above arguments. (C.R. 22-65.) He attached several exhibits to his memorandum brief, including motions filed by the Baldwin and Mobile County district attorneys to nol-pros the murder indictments charging him with the murders of Rider and Hodges. (C.R. 179; 181-85.) On August 29, 1997, the circuit court of Baldwin County granted the Baldwin County district attorney's motion to nol-pros the indictment charging Pardue with Rider's murder. The exhibits attached to Pardue's brief do not indicate the disposition of the Mobile County district attorney's motion to nol-pros the indictment charging Pardue with the murder of Hodges. Presumably, the motion was granted.
On November 6, 1997, the state moved to dismiss the Rule 32 petition. In support of this motion, the state argued:
 "1. That the grounds cited by the petitioner as newly discovered facts, namely, equal protection violation, double jeopardy, violation of the 8th amendment, are all grounds that should have been raised on appeal pursuant to Rule 32.2(a)(3) of the Alabama Rules of Criminal Procedure.
 "2. Otherwise, the Petitioner failed to establish any newly discovered material facts which require that the conviction or sentence be vacated pursuant to Rule 32.1(e), of the Alabama Rules of Criminal Procedure.
 "3. The Petitioner otherwise fails to state a claim upon which relief can be granted."
(C.R. 187.)
On November 17, 1997, Pardue filed a response to the state's motion to dismiss. He argued, in relevant part:
 "1. I have brought newly discovered material facts in my petition that, under caselaw, entitle me to the relief sought in the instant petition.
 "2. These facts were not discoverable in time to be included on direct appeal, and entitled me to the relief sought.
"3. The newly discovered facts are:
 "(A) People v. Superior Court (Remero), 53 Cal.Rptr.2d 789 (Cal. 1996), which did not exist at the time of the original appeal.
 "(B) The case of Lambeth v. State (Exhibit #6), was not decided until 1992, thus was not available to petitioner in time to be included on direct appeal.
 "(C) The House Bills (Exhibits 1 through 4) were published in 1997, thus not available for use on direct appeal.
 "(D) Petitioner's 1973 convictions were not [nol-prossed] until 1997, thus [were] not available for use on direct appeal. Their constitutional and fundamental prejudicial impact could [not] be established until well after the appeal was taken and not available for use on direct appeal.
 "(E) Petitioner's claim of selective enforcement could not be established until there had been a passage of time which proved his claim that he was, in fact, singled-out, for until a passage of time, the Respondent could allege that there was an increased intolerance for the crime and Petitioner was merely the first of many to be so prosecuted. The passage of time is the only way in which Petitioner can reasonably prove he was, singled out. Therefore, he could not bring this issue on direct appeal successfully. *Page 844 
 "(F) Further, Petitioner has brought a claim of ineffective assistance of counsel at trial, and on direct appeal. The issues of equal protection, double jeopardy and Eighth Amendment violations are, in fact, supportive of this claim, both individually and collectively to prove the ineffective counsel claim, and could not have been brought on direct appeal as trial counsel was appointed as appellate counsel and did not make the claim he was ineffective at trial nor on appeal."
(C.R. 195-96.) (Some emphasis added; some emphasis original.) On November 18, 1997, an attorney entered a notice of appearance for the limited purpose of representing Pardue at the hearing on the Rule 32 petition. (C.R. 200.) On November 20, 1997, the trial court entered the following written order:
 "This Case is before the Court on a Rule 32 petition. The State has filed a motion to dismiss the petition. The motion came on for hearing on November 18, 1997, at which time counsel for the Petitioner and the District Attorney argued their respective positions on the motion. Having considered the petition, the motion and arguments of counsel, the Court is of the opinion that the motion is due to be granted. "It is therefore ORDERED AND ADJUDGED that the motion to dismiss is granted, the petition is dismissed, and the relief proved for therein is denied."
(C.R. 201.) Although the trial court's order indicates that a hearing was conducted, the record on appeal does not contain a transcript of the hearing.
On November 25, 1997, Pardue filed a motion to clarify the issues. He argued, in pertinent part:
 "1. The issue of the unconstitutional use of petitioner's 1973 murder and grand larceny convictions (at the 1988 trial) which, since the trial in 1988, and `after' the resentencing in 1995, have been [nol-prossed].
". . . .
"3. The issue before this Court is that:
 "(a) Petitioner's 1973 murder and grand larceny convictions were not [nol-prossed] until 1997. Therefore, there is no way Petitioner could have brought this issue before those cases were [nol-prossed] in 1997. (As he is in the instant petition.). . . .
 "(b) Furthermore, Petitioner's prior murder convictions were a critical factor in determining whether to prosecute on first degree burglary, or for third degree burglary. . . .
 "4. The Prosecution maintains that the sentence of life without parole is authorized by law in the instant case. This position is not supported by the law. . . . In the case at bar, the Petitioner has received the sentence of life without parole, just as if he had robbed and murdered someone, where, all he did was non-violently escape from an unconstitutional imprisonment, and used no force or threat of force against a single human being. He committed a simple burglary, and sold the loot to further the non-violent escape. Taking away the prior convictions for murder Petitioner was incarcerated for at the time of the escape, dramatically changes the entire view of the burglary committed, as is evident by the absence of other persons so charged, indicted and convicted, in Escambia County, Alabama for similar burglaries involving the theft of some type of firearm where no one was injured, threatened, or harmed as is the fact in the case at bar. . . .
 "5. Petitioner's 1973 murder and grand larceny convictions played a key role in the prosecution of this case in 1989. *Page 845 
Until those prior convictions had been [nol-prossed], none of the issues in the instant petition could have been brought before any court, "prior to" them having been [nol-prossed], and that did not occur until 1997, therefore was unavailable for use at anytime prior to 1997."
(C.R. 202-04.) (Emphasis in original.)
The state filed a response to Pardue's motion to clarify, in which it argued:
 "1. That the Defendant was aware that his prior murder convictions had been overturned and therefore could not be used against him to enhance his sentence for theft of property first degree and burglary first degree for which he had been convicted in Escambia County. . . .
 "2. That the Defendant was re-sentenced on August 14, 1995, with a sentence . . . which he now attacks, and filed notice of appeal of said convictions on August 16, 1995. It is irrefutable that the Petitioner had full knowledge of the setting aside of his prior murder convictions and the effect thereof at the time of his re-sentencing and appeal. . . .
 "3. That the subsequent nolle prosequi of said murder cases which petitioner alleges occurred in 1997 have no legal consequence on his conviction or sentences in Escambia County as they are immaterial for purposes of the habitual offender act and therefore are immaterial as newly discovered facts in support of his present Rule 32 petition."
(C.R. 206-07.)
On December 11, 1997, Pardue's present appellate counsel entered a notice of appearance. On appeal, Pardue, through counsel, essentially reasserts most of the same arguments that he presented to the trial court. Specifically, he alleges:
 1. That he "was denied his right to a fair trial by the introduction of three prior murder convictions, all of which have been reversed";
 2. That his "sentence for life without parole violates the Eighth amendment of the United States Constitution and Article I, Section 15, of the Alabama Constitution";
 3. That "[t]he Alabama Habitual Offender Act is unconstitutional on its face and as applied to" him;
 4. That his "conviction for burglary in the first degree constitutes selective enforcement in violation of his right to equal protection under the law";
 5. That his "rights against double jeopardy were violated when he was convicted and sentenced for first degree burglary and first degree theft arising out of the same transaction";
 6. That he "received ineffective assistance of counsel at trial and on appeal"; and
 7. That the state improperly invoked the Habitual Felony Offender Act and the trial court erred in allowing the state to rely on convictions of which the appellant had no notice.
(Appellant's brief, pp. 14-42.)
The attorney general argues that the trial court properly dismissed the Rule 32 petition because, he says, the grounds "were either raised by [the appellant] on direct appeal or were addressed by this Court on direct appeal, or they were raised by him in the previous Rule 32 petition and on appeal, or they could have been raised in one of the previous proceedings." (Appellee's brief, p. 9.)
In his reply brief, Pardue urges this Court to remand the cause to the trial court so that the trial court can set forth its specific reasons for denying the petition. In addition, Pardue again argues that because his murder convictions "were not permanently overturned until 1997, *Page 846 
when the Mobile County District Attorney filed a motion to [nol-pros] the indictment for the murder of William Harvey Hodges . . . and the Baldwin County District Attorney filed a similar motion to dismiss the indictment for the murder of Ronald Rider," the nolle prosequi of these indictments constitutes newly discovered evidence that could not be raised in any previous proceeding. (Appellant's reply brief, pp. 1-2.) (Emphasis in original.)
Rule 32.9(d), Ala.R.Crim.P., requires that if an evidentiary hearing is conducted on the Rule 32 petition, "[t]he court shall make specific findings of fact relating to each material issue of fact presented." (Emphasis added.) This Court has also said: "In addition [to the specific findings of fact], the basis of the trial court's ruling, whether procedural or on the merits, must be clear. Henderson v. State, 570 So.2d 879 (Ala.Cr.App. 1990)." Jones v. State, 709 So.2d 498, 498 (Ala.Cr.App. 1996). "A statement of the basis of the trial court's decision is essential to afford the appellant due process." Owens v. State, 666 So.2d 31, 32 (Ala.Cr.App. 1994).
In the instant case, Pardue made many allegations. The state filed a very general motion to dismiss. Although the trial court conducted a hearing on the petition, because the transcript is not included in the record on appeal this Court is unable to determine which issues were addressed at the hearing, or, for that matter, whether additional claims were raised in the hearing. The trial court entered an order denying the petition; however, "the order of the trial court does not specify which claims its order of denial encompasses, nor does it make specific findings of fact with regard to each of those claims." Bland v. State, 673 So.2d 459, 460 (Ala.Cr.App. 1994).
Accordingly, we must remand this cause for the trial court to state the grounds, whether procedural or based on the merits, for its denial of the Rule 32 petition. If the denial was based on the merits of the allegations, the trial court should make specific findings relating to each material issue of fact presented in the allegations. Rule 32.9, Ala.R.Crim.P. In addition, the trial court should take steps to ensure that the transcript from the hearing on the Rule 32 petition is included with its order on return to remand.
On remand, the trial court may conduct such further proceedings or take such other evidence as it deems necessary. See Rule 32.9, Ala.R.Crim.P. If any additional hearing is held, the return to remand shall include a transcript of the remand proceedings, and the trial court's specific written "findings of fact relating to each material issue of fact presented" at that hearing. Rule 32.9(d), Ala.R.Crim.P.
The trial court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 60 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
Long, P.J., and McMillan, Cobb, and Baschab, JJ., concur.
* Note from the reporter of decisions: On March 26, 1999, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On May 29, 1999, on application for rehearing, that court withdrew its no-opinion memorandum of March 26, 1999; substituted another memorandum, again affirming without opinion; and denied the application for rehearing. A certiorari petition was filed in the Supreme Court on June 15, 1999; that petition was dismissed on March 15, 2001.
[1] The trial court vacated the appellant's conviction for second-degree theft of property. *Page 847