George Tucker Grau filed in the Baldwin Circuit Court a petition pursuant to Rule 32, Ala.R.Crim.P., seeking postconviction relief based on a claim that at his criminal trial he had had ineffective assistance of counsel. The circuit court denied the petition. The Court of Criminal Appeals affirmed the denial, without opinion. Grau v. State (No. CR-97-2274, April 30, 1999) 768 So.2d 1021 (Ala.Crim.App. 1999) (table). We granted Grau's petition for certiorari review. Because the circuit court did not make specific findings of fact in accordance with Rule 32.9, Ala.R.Crim.P., we reverse the judgment of the Court of *Page 346 
Criminal Appeals and remand the case for further proceedings.
 I.
A jury convicted Grau of possession of a controlled substance (cocaine), a violation of Ala. Code 1975, § 13A-12-212, and possession of drug paraphernalia, a violation of § 13A-12-260(c). The arresting officer found the cocaine and the drug paraphernalia in the pocket of Grau's companion, Holly Simmons. To show that Grau had had control of these items, the prosecution presented evidence indicating that Grau had used the cocaine and the drug paraphernalia shortly before he was arrested.[1] Grau denied that he had used the cocaine and denied knowing that Ms. Simmons was in possession of the cocaine or the drug paraphernalia.
The Baldwin Circuit Court sentenced Grau to six years' imprisonment and granted him probation. The Court of Criminal Appeals affirmed his conviction, without opinion. (No. CR-94-0403, May 5, 1995) Grau v. State, 678 So.2d 809
(Ala.Crim.App. 1995) (table). This Court, without opinion, denied certiorari review. Ex parte Grau, (No. 1941596, November 11, 1995)675 So.2d 562 (Ala. 1995) (table). Grau was represented at trial and on appeal by the same attorney. Later, with different counsel, Grau petitioned for postconviction relief pursuant to Rule 32, Ala.R.Crim.P., claiming that his trial counsel had been ineffective. See Ex parte Besselaar, 600 So.2d 978, 979
(Ala. 1992). Specifically, Grau asserted that his trial counsel should have subpoenaed a witness to a drug test Grau had taken three or four days after he was arrested. Grau alleged that the drug test indicated there was no cocaine in his system at the time of the test. According to Grau, that witness's expert testimony would have indicated that, because there was no cocaine in Grau's system at the time of the test, Grau could not have ingested cocaine shortly before his arrest. Grau also asserted that his trial counsel should have subpoenaed Simmons to establish that he did not use the cocaine and did not know that Simmons was in possession of the cocaine and the drug paraphernalia. The circuit court denied Grau's petition, and the Court of Criminal Appeals affirmed, with an unpublished memorandum.
 II.
Grau argues that his trial counsel was ineffective in failing to subpoena the witness to the drug test and in failing to subpeona Simmons, because both of them, he says, would have refuted the State's only evidence indicating that Grau was in constructive possession of the cocaine and the drug paraphernalia — the evidence that he had used those items.[2]
However, because the circuit court did not make specific *Page 347 
findings of fact, any review of Grau's claims by this Court would be premature. See Rule 32.9, Ala.R.Crim.P.
"Rule 32.9(d), Ala.R.Crim.P., requires that if an evidentiary hearing is conducted on the Rule 32 petition, `[t]he court shall make specific findings of fact relating to each
material issue of fact presented.'" Anglin v. State,719 So.2d 855, 857 (Ala.Crim.App. 1996) (opinion on return to remand) (emphasis and alteration in Anglin). "In addition [to the specific findings of fact], the basis of the trial court's ruling, whether procedural or on the merits, must be clear." Jones v.State, 709 So.2d 498, 498 (Ala.Crim.App. 1996) (citingHenderson v. State, 570 So.2d 879 (Ala.Crim.App. 1990)). "A statement of the basis of the trial court's decision is essential to afford the appellant due process." Owens v. State,666 So.2d 31, 32 (Ala.Crim.App. 1994).
Although the circuit court held an evidentiary hearing on Grau's claims, the only order that court entered is this notation in the case action summary sheet: "Petition for relief from conviction or sentence denied." Accordingly, the judgment of the Court of Criminal Appeals is reversed and the case is remanded for that court to remand the case for the circuit court to enter an order pursuant to Rule 32.9, Ala.R.Crim.P., making specific findings of fact as to each issue of fact presented and clearly stating the basis of its ruling on the petition. Rule 32.9, Ala.R.Crim.P.; Anglin, 719 So.2d at 857; Pardue v. State, [Ms. CR-97-0551, Dec. 18, 1998] ___ So.2d ___ (Ala.Crim.App. 1998). The trial court may, of course, "conduct such further proceedings or take such other evidence as it deems necessary." Pardue, ___ So.2d at ___. If, on the remand, the circuit court holds an additional hearing, then "the [circuit court's] return to remand shall include a transcript of the remand proceedings, and the [circuit] court's specific written `findings of fact relating to each material issue of fact presented' at that hearing." Pardue, ___ So.2d at ___.
 III.
The judgment of the Court of Criminal Appeals is reversed, and the case is remanded for that court to remand for further proceedings in the circuit court consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Hooper, C.J., and Maddox, Houston, Cook, See, Lyons, Brown, Johnstone, and England, JJ., concur.
[1] Precisely what evidence the State presented to the jury is not contained in the record now before this Court. The record before us on this review of the ruling on the Rule 32 petition does not include the record of the proceedings had in regard to Grau's conviction and sentence.
[2] We note that the State need not show "use" of a controlled substance or drug paraphernalia to show "possession" of these items, see Ala. Code 1975, § 13A-12-212(3); § 13A-5-7(a)(1); Self v.State, 564 So.2d 1023, 1026 (Ala.Crim.App. 1989), cert. quashed, 564 So.2d 1035 (Ala. 1990) (holding that the three elements necessary to establish possession of a controlled substance are: "(1) actual or potential physical control, (2) intention to exercise dominion and (3) external manifestations of intent and control"). In this case, however, the State's only evidence indicating Grau's "possession" of either a controlled substance or drug paraphernalia was the evidence of his "use" of these items. Thus, Grau's use of the cocaine was an essential element of the State's case against him.