COBB, Judge.
On August 31, 1992, Sims was convicted of two counts of second-degree robbery. Upon remand by this Court, see Sims v. State, 663 So.2d 975 (Ala.Crim.App.1994), the trial court sentenced Sims to consecutive 20-year sentences. This Court affirmed Sims’s convictions and sentences on return to remand. Sims v. State, 663 So.2d 982 (Ala.Crim.App.1994) (opinion on return to remand). The certificate of judgment was issued on May 26, 1995.
On May 23, 1997, Sims filed a Rule 32, Ala. R.Crim. P., petition. On October 14, 1997, Sims amended his petition. After the State had responded, the circuit court conducted an evidentiary hearing on June 25, 1998; the evidentiary hearing was continued. On May 14, 1999, Sims filed another amendment to his petition. On February 2, 2000, Sims filed a third amendment to his petition.
On March 13, 2000, the circuit court resumed the evidentiary hearing it had continued on June 25, 1998, and the circuit court again continued the hearing. On July 28, 2000, the circuit court resumed the evidentiary hearing a third time.
*1183 On January 2, 2002, the circuit court denied Sims’s Rule 32 petition by making an entry on the case action summary. No specific findings of fact were made. Sims filed a motion to alter or amend the order. This appeal followed.
In his petition and the amendments, Sims asserted the following claims:
1. That the State withheld Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), material from him, i.e., plaster casts of footprints;
2. That the State withheld other Brady material from him, i.e., a report (hereinafter referred to as “the Milroy Report”) that concluded that neither the shoes recovered from the crime scene nor the footprints discovered at the crime scene were the same size as Sims’s feet;
3. That trial counsel rendered ineffective assistance by failing to introduce into evidence a copy of the Milroy Report;
4. That trial counsel rendered ineffective assistance for failing to subpoena Sims’s codefendant to testify at trial on Sims’s behalf;
5. That Sims’s sentence was unauthorized by law because there was no proof that the victims had been injured;
6. That Sims was denied his right to a fair trial when the trial court ordered his trial to proceed, even though his trial counsel was not prepared for trial and requested a continuance;
7. That Sims was denied his right to a fair trial because a blood sample that actually belonged to Sims’s accomplice was attributed to Sims;
8. That the admission of the keys into evidence was in error because the chain of custody was in dispute;
9. That the trial court improperly made favorable comments about the State’s evidence;
10. That there was newly discovered evidence indicating that the affidavit supporting the search warrant in this case was inadequate;
11. That there was newly discovered evidence indicating that the affidavit supporting the search warrant in this case was based on false testimony;
12. That there was newly discovered evidence indicating that a portion of the State’s evidence at trial was false;
13. That there was newly discovered evidence indicating that a portion of the State’s evidence presented to the grand jury was false;
14. That there was newly discovered evidence indicating that the State withheld exculpatory police reports from Sims in violation of Brady;
15. That Sims’s conviction was not legal because the trial court failed to timely appoint counsel for him for six months, after his previous counsel had withdrawn;[1] and
16. That the indictment against Sims had been dismissed and was never reinstated.
On appeal, Sims asserts the following claims:
1. That appellate counsel rendered ineffective assistance by failing to as *1184 sert that trial counsel’s conduct was deficient;
2. That the trial court erroneously found that the prosecution did not suppress exculpatory evidence in violation of Brady;
3. That the trial court did not have jurisdiction to convict him and sentence him because the search warrant was insufficient;
4. That the trial court did not have jurisdiction to convict him and sentence him because the indictment was void because there was no evidence before the grand jury to connect him to the crime in question;
5. That the trial court did not have jurisdiction to convict him and sentence him because the indictment against him had been dismissed and was never reinstated;
6. That the trial court did not have jurisdiction to convict and sentence him because the trial court violated the Interstate Act on Detainers, § 15-9-81, Ala.Code 1975;
7. That the trial court erroneously failed to find him actually innocent of the robbery;
8. That the circuit court erroneously denied him a new trial when “the denoted trial exhibits were unavailable for the Rule 32 hearing”; and
9. That the circuit court failed to make specific findings of fact.
Initially, we note that of all of the claims asserted in his petition, Sims reasserts only one of them — the claim regarding the allegedly nol-prossed indictment— on appeal.[2] Therefore, he is deemed to have abandoned the other claims from his petition. See Brownlee v. State, 666 So.2d 91, 93 (Ala.Crim.App.1995) (holding that “[w]e will not review issues not listed and argued in brief’).
Moreover, as for the claims asserted by Sims on appeal, with the exception of one of them — the claim regarding the allegedly nol-prossed indictment — none of them were first raised in the circuit court.[3] Therefore, he has not preserved them for appellate review. Arrington v. State, 716 So.2d 237, 239 (Ala.Crim.App. 1997) (“An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.”).
Thus we are left with only one issue to review.
“[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court’s review in a Rule 32 proceeding is de novo.” Ex parte White, 792 So.2d 1097, 1098 (Ala. 2001). “If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition. See Roberts v. State, 516 So.2d 936 (Ala.Cr.App.1987).” Reed v. *1185 State, 748 So.2d 231, 233 (Ala.Crim.App. 1999).
Sims claims that the indictment against him was nol-prossed on October 8, 1999, and that he was thereafter never reindicted.[4] In support of this contention, he supplied the circuit court with a copy of a National Crime Information Center (“NCIC”)[5] report. The report indicated that, on March 8, 1991, Sims was arrested in Baldwin County and charged with second-degree robbery. The report also indicated that, on September 8, 1991, the charge was nol-prossed. The State did not refute this claim, and the circuit court did not address it.
Because the State did not, and does not on appeal, refute Sims’s allegation, the unrefuted statements must be taken as true. See Bell v. State, 845 So.2d 856 (Ala.Crim.App.2002) (citing Chaverst v. State, 517 So.2d 643, 644 (Ala.Crim.App. 1987)). Sims’s claim, on its face and in conjunction with the copy of the NCIC report, has merit. Additionally, the extensive record before us does not dispute this claim, that is, it does not indicate that Sims was reindicted or that the indictment against him was ever reinstated.[6]
“ ‘Rule 32.9(d), Ala. R.Crim. P., requires that if an evidentiary hearing is conducted on the Rule 32 petition, “the court shall make specific findings of fact relating to each material issue of fact presented.” ’ Anglin v. State, 719 So.2d 855, 857 (Ala.Crim.App.1996) (opinion on return to remand) (emphasis and alteration in Anglin). ‘In addition [to the specific findings of fact], the basis of the trial court’s ruling, whether procedural or on the merits, must be clear.’ Jones v. State, 709 So.2d 498, 498 (Ala.Crim.App.1996) (citing Henderson v. State, 570 So.2d 879 (Ala.Crim.App.1990)). ‘A statement of the basis of the trial court’s decision is essential to afford the appellant due process.’ Owens v. State, 666 So.2d 31, 32 (Ala.Crim.App.1994).”
Ex parte Grau, 791 So.2d 345, 347 (Ala. 2000).
Although the circuit court conducted evi-dentiary hearings on this petition, it did not enter an order addressing any of the claims asserted in the petition. Rather, the circuit court entered the following notation on the case action summary sheet: “Petition for relief from conviction or sentence denied.” (C. 4.) Therefore, we remand this cause for the circuit court to address Sims’s claim regarding his indictment having been nol-prossed and to enter specific findings of fact, clearly stating the basis of its ruling on the claim. The circuit court may conduct further proceedings or take other evidence if it deems such action necessary. However, if the circuit court holds an additional hearing on remand, then the return to remand shall include a copy of the transcript of the remand proceedings in addition to the circuit court’s specific written findings of fact. Due return shall be made to this court within 42 days.
*1186 REMANDED WITH DIRECTIONS. 
McMILLAN, PA., and SHAW and WISE, JJ., concur. BASCHAB, J., concurs in the result.

. We note that the record of the trial indicates that, from arraignment through sentencing, Sims was, in fact, represented by counsel.

. Although Sims continues to focus on the subjects of the search warrant and the alleged Brady violation, his claims on appeal differ substantively from those he advanced in his petition. Moreover, at trial, Sims moved to suppress the evidence found as a result of the search and moved for a new trial on the basis of the alleged Brady violation; therefore, those claims are precluded because they were raised at trial. Rule 32.2(a)(4), Ala. R.Crim. P.

. We note that, to the extent that claim 13 from Sims's petition and claim 4 from his brief on appeal appear to be similar, those claims, although couched in jurisdictional terms, are allegations concerning the sufficiency and weight of the evidence. Those claims are precluded, as this Court addressed the question of the sufficiency of evidence on direct appeal. See Rule 32.2(a)(4), Ala. R.Crim. P.

.Certainly, the trial court did not necessarily have to reindict Sims. The trial court could have simply reinstated the indictment. See Williams v. State, 494 So.2d 819 (Ala.Crim. App.1986). Again, nothing in the record indicates that this is what occurred; the State did not refute Sims’s claim with an allegation of reinstatement; and the circuit court did not make a finding that the indictment against Sims had been reinstated.

. The National Crime Information Center operates a computer database that contains information on crimes committed in all of the states.

. We note that the record also does not indicate that the charge was ever nol-prossed, and we recognize that the NCIC report could be in error.