The appellant, Jerry Wayne Wiggins, appeals from the circuit court's denial of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his December 2000 conviction for rape in the first degree and his resulting sentence of 50 years' imprisonment. On July 20, 2001, this Court affirmed his conviction and sentence, by unpublished memorandum. Wiggins v. State
(No. CR-00-0652), 837 So.2d 887 (Ala.Crim.App. 2001) (table). A certificate of judgment was issued on October 5, 2001.
On October 1, 2002, Wiggins filed this, his first, Rule 32 petition, in which he alleged: (1) that trial counsel had been ineffective; (2) that appellate counsel had been ineffective for 14 claims; (3) that the trial court never formally accepted the jury's verdict; (4) that the sentence imposed exceeds the maximum authorized by law; (5) that his constitutional right to a fair trial was denied by varying alleged improper comments made by the State at trial; (6) that the trial court erred by conducting a guilty-plea hearing at the same time as his sentencing hearing and that doing so was "fundamentally unfair"; (7) that the trial court was without jurisdiction to render judgment or to impose sentence in his case because, he said, he was not present at every stage of the proceedings against him; (8) that he was denied a fair trial by the loss of exculpatory evidence; and (9) that the trial court erred in refusing his request that the judge recuse himself. On December 16, 2002, the State filed a detailed response in which it argued that Wiggins's contentions both were precluded from appellate review and were without merit. An evidentiary hearing was held on May 5, 2005, and the following day the trial court summarily *Page 1155 
denied Wiggins's petition. This appeal followed.
On appeal, Wiggins reasserts the claims he asserted in his petition to the trial court and also contends that the trial court is required to state specific reasons for denying his petition and that he is entitled to a new trial based upon the allegations and evidence presented in this petition.
Although the circuit court conducted an evidentiary hearing, it made no specific findings in the summary denial of Wiggins's Rule 32 petition it issued on May 6, 2005.[1] In the event the circuit court conducts an evidentiary hearing on a Rule 32 petition, Rule 32.9(d) requires the court to "make specific findings of fact relating to each material issue of fact presented." See also Ex parte Walker, 652 So.2d 198
(Ala. 1994); Smith v. State, 665 So.2d 954
(Ala.Crim.App. 1994). As we have stated, "[a] statement of the basis of the [circuit] court's decision is essential to afford the appellant due process." Owens v. State,666 So.2d 31, 32 (Ala.Crim.App. 1994). Thus, following the evidentiary hearing, the circuit court should have entered an order that complied with the requirements of Rule 32.9(d).
This is a complicated case; Wiggins asserts a multitude of ineffective-assistance-of-counsel claims along with several other contentions. Our review of the allegations Wiggins raises in his brief on appeal is hampered because the circuit court failed to make written findings of fact concerning each material issue of fact presented. Indeed, it would be premature for this Court to review the issues without the circuit court's first making such findings of fact. See Ex parte Grau,791 So.2d 345, 346-47 (Ala. 2000); Adkins v. State,930 So.2d 524 (Ala.Crim.App. 2001).
Based on the foregoing, this case is remanded for the Jefferson Circuit Court to set out its reasons for denying Wiggins's claims of ineffective assistance of trial counsel and appellate counsel. The circuit court should "make specific findings of fact relating to each material issue of fact presented." Rule 32.9(d), Ala.R.Crim.P. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB and SHAW, JJ., concur.
BASCHAB, J., concurs in the result.
[1] The trial court attempted to correct this problem by issuing a written order on September 1, 2005, while Wiggins's appeal from the denial of his petition was pending; however, this Court entered an order on September 8, 2005, setting aside the court's September 1 order. "[T]he general rule [is] that jurisdiction of a case can be in only one court at a time."Ex parte State ex rel. O.E.G., 770 So.2d 1087, 1089
(Ala. 2000). "While a case is pending in an appellate court, the trial court may proceed in matters entirely collateral to that part of the case that has been appealed, but can do nothing in respect to any matter involved on appeal that may be adjudged by the appellate court." Ex parte Elmore,585 So.2d 921, 922 (Ala. 1991).
* Note from the reporter of decisions: On August 17, 2007, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On September 14, 2007, that court denied rehearing, without opinion. On January 11, 2008, the Supreme Court denied certiorari review, without opinion (1070025). *Page 1156