The appellant, Charles Wayne Getz, appeals from the circuit court's denial of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his May 1997 convictions for trafficking in methamphetamines, possession of drug paraphernalia, and speeding. Getz was sentenced to life imprisonment for the trafficking conviction and to 6 months' imprisonment for the possession-of-drug-paraphernalia conviction; he was fined $10 plus court costs for the speeding conviction. On May 8, 1998, this Court affirmed Getz's conviction and sentence, by unpublished memorandum. Getz v. State (No. CR-96-1849), 738 So.2d 934 (Ala.Crim.App. 1998) (table). A certificate of judgment was issued on May 27, 1998.
On December 14, 1999, Getz filed the instant Rule 32 petition, in which he alleged (1) 25 claims of ineffective assistance of trial and appellate counsel;[1] (2) that the *Page 1222 
trial court was without jurisdiction to render judgment or to impose his sentence because, he said, the evidence was insufficient; (3) that his cases had been improperly consolidated; and (4) that the trial court failed to give proper jury instructions. On January 4, 1999, the State filed its response, in which it argued that Getz's claims were both precluded from appellate review and without merit. On September 30, 2004, an evidentiary hearing was conducted, and Getz presented evidence in support of his claims. On November 3, 2005, the trial court issued an order denying Getz's petition. This appeal followed.
On appeal, Getz reasserts the claims he presented in his petition to the trial court.[2]
Although the circuit court conducted an evidentiary hearing, it made no specific findings in its order issued on May 6, 2005, denying Getz's Rule 32 petition. In the event the circuit court conducts an evidentiary hearing on a Rule 32 petition, Rule 32.9(d) requires the court to "make specific findings of fact relating to each material issue of fact presented." See alsoEx parte Walker, 652 So.2d 198 (Ala. 1994); Smith v.State, 665 So.2d 954 (Ala.Crim.App. 1994). As we have stated, "[a] statement of the basis of the [circuit] court's decision is essential to afford the appellant due process."Owens v. State, 666 So.2d 31, 32 (Ala.Crim.App. 1994). Thus, following the evidentiary hearing, the circuit court should have entered an order that complied with the requirements of Rule 32.9(d).
This is a complicated case; Getz asserts a multitude of ineffective-assistance-of-counsel claims along with several other contentions. Our review of the allegations Getz raises in his brief on appeal is hampered because the circuit court failed to make written findings of fact concerning each material issue of fact presented. Indeed, it would be premature for this Court to review the issues without the circuit court's first making such findings of fact. See Ex parte Grau,791 So.2d 345, 346-47 (Ala. 2000); Adkins v. State, 930 So.2d 524,530 (Ala.Crim.App. 2001).
Based on the foregoing, we remand this case for the Clay Circuit Court to enter a new order setting out its reasons for denying Getz's claims. The circuit court should "make specific findings of fact relating to each material issue of fact presented." Rule 32.9(d), Ala.R.Crim.P. However,
 "if the court finds that a particular allegation fails to meet the specificity requirements of Rule 32.6(b), we encourage the court to so note with particularity in its written findings. It is to do likewise if it finds that a particular allegation fails to state a claim or to present any material issue of fact or law that would entitle [the petitioner] to relief. In other words, the court's written findings are to address individually each claim not precluded by Rule 32.2."
Harper v. State, 676 So.2d 949, 950
(Ala.Crim.App. 1995), aff'd, 698 So.2d 796 (Ala.Crim.App. 1996) (table). *Page 1223 
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
[1] Getz's claims of ineffective assistance of trial counsel include: (a) failure to file proper pretrial motions; (b) failure to file a motion of acquittal; (c) failure to request a jury instruction on accomplice testimony; (d) failure to impeach the arresting officer's testimony; (e) failure to fully develop the introduction of the videotape; (f) failure to subpoena law-enforcement officers present at his arrest; (g) failure to challenge the indictment; (h) failure to challenge the affidavit in support of the search warrant; (i) failure to object to the State's being late to disclose a witness; (j) failure to request a jury instruction on his right to not testify; (k) failure to object to the State's opening and closing statements; (l) failure to object to the verdict form; (m) failure to object to the consolidation of the offenses; (n) failure to properly prepare to address the speeding charge; (o) failure to properly argue at trial regarding the corroboration of the accomplice's testimony; (p) failure to argue to the court that the State had a conflict of interest; (q) failure to present expert testimony as to the amount of controlled substances in his possession at the time of his arrest; (r) failure to request an interview with the State's witnesses; (s) failure to adequately investigate the circumstances surrounding his arrest; and (t) in general, his trial counsel's failure to prepare for trial.
Getz's claims of ineffective assistance of appellate counsel include: (a) failure to file a motion requesting that the opening and closing statements be included in the record for appeal; (b) failure to raise insufficiency of the evidence in a motion for a new trial; (c) failure to address the trial court's failure to instruct on accomplice testimony; (d) failure to present information that the State did not meet its burden or proof; and (e) failure to raise claims of ineffective assistance of trial counsel.
[2] Any claims Getz raised on appeal that were not argued in his petition to the trial court are precluded from appellate review. Chambers v. State, 884 So.2d 15, 19
(Ala.Crim.App. 2003).
* Note from the reporter of decisions: On June 22, 2007, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On July 20, 2007, that court denied rehearing, without opinion. On November 9, 2007, the Supreme Court denied certiorari review, without opinion (1061590).