WISE, Judge,
dissenting.
I respectfully dissent from the majority’s unpublished memorandum affirming the circuit court’s summary denial of Car-rius Donte Culver’s Rule 32, Ala.R.Crim. P., petition. Specifically, I disagree with the majority’s conclusion that the circuit court did not err when it denied Culver’s petition without making specific findings of fact in its order, even though it conducted an evidentiary hearing.
Following the trial court’s entry of the written orders denying Culver’s petition, Culver filed a “motion to alter, amend, or vacate judgment,” objecting to the trial court’s failure to enter a written order that made specific findings of fact relating to each material issue of fact presented. Although Culver’s motion failed to specifically request that the circuit judge enter a written order that complied with Rule 32.9(d), Ala.R.Crim.P., see Whitehead v. State, 593 So.2d 126 (Ala.Crim.App.1991), I question whether such a request was necessary in light of the Alabama Supreme Court’s decision in Ex parte Grau, 791 So.2d 345 (Ala.2000). In Grau, the circuit court conducted an evidentiary hearing on Grau’s Rule 32 petition, then denied the petition without making specific findings of fact. Grau did not request that the circuit court enter an order making specific findings of fact, as required by Whitehead v. State, supra. This Court affirmed the denial of Grau’s petition. Grau v. State (No. CR-97-2274), 768 So.2d 1021 (Ala.Crim.App.1999) (table). The Supreme Court granted Grau’s petition for a writ of certio- *810 rari and reversed this Court’s decision, holding that it would be premature for an appellate court to review the issues without the circuit court’s first making specific findings of fact. Ex parte Grau, 791 So.2d at 346-47. Based on its holding in Ex parte Grau, the Supreme Court appeared to indicate that an appellate court should not put in the position of being the first finder of fact.
Although I do not disagree with the majority’s conclusion that remanding this case for the circuit court to enter a new order making specific findings of fact as to the claims raised would be a waste of judicial resources, the language of Rule 32.9(d), Ala.R.Crim.P., makes such action mandatory: in the event an evidentiary hearing is conducted, “[t]he court shall make specific findings of fact relating to each material issue of fact presented.” (Emphasis supplied.) Thus, we are compelled to remand this case. However, I would urge the Alabama Supreme Court to consider amending Rule 32.9(d) so that in future cases, this Court has the discretion to decide whether a remand is necessary. However, based on the current language of Rule 32.9(d), I would remand this case for the circuit court to enter a new order containing findings of fact as to each material issue of fact regarding Culver’s claims. Accordingly, I must respectfully dissent.