976 So.2d 1052 (2007)
Graylon Lewis JOHNSON
v.
STATE of Alabama.
CR-05-1989.
Court of Criminal Appeals of Alabama.
January 12, 2007.
Rehearing Denied February 16, 2007.
Certiorari Quashed July 13, 2007.
Graylon Lewis Johnson, pro se.
Troy King, atty. gen., and Yvonne A.H. Saxon, asst. atty. gen., for appellee.
Alabama Supreme Court 1060800.
BASCHAB, Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM. NO OPINION.
McMILLAN, P.J., and COBB, J., concur; SHAW, J., concurs in the result; WISE, J., dissents, with opinion.
WISE, Judge, dissenting.
I respectfully dissent from the majority's unpublished memorandum affirming the circuit court's denial of Graylon Lewis Johnson's Rule 32, Ala.R.Crim.P., petition. Specifically, I disagree with the majority's conclusion that the circuit court did not err when it denied Johnson's petition without making specific findings of fact as to each claim in its order, even though it conducted an evidentiary hearing as to those claims.
Following the evidentiary hearing, the circuit court entered a written order denying Johnson's petition. The court's order set out the five claims raised by Johnson in his petition. It appears, however, that the court's findings of fact addressed only two of the five claims  claims one and two  and made no findings concerning the remaining three claims. Thereafter, Johnson filed a "motion to alter, amend, or vacate judgment," objecting to the trial court's failure to enter a written order that made specific findings of fact relating to each material issue of fact presented. (Supp. R. 3-8.) Johnson claimed in his motion that the circuit court had failed to make specific findings of fact with regard to claims three, four, and five, as set out in the court's order; he specifically requested that the circuit judge enter a written order that complied with Rule 32.9(d), Ala. R.Crim.P., citing as authority a number of cases, including the Alabama Supreme Court's decision in Ex parte Grau, 791 So.2d 345 (Ala.2000).
In Grau, the circuit court conducted an evidentiary hearing on Grau's Rule 32 petition, then denied the petition without making specific findings of fact. Grau did not request that the circuit court enter an order making specific findings of fact, as required by Whitehead v. State, 593 So.2d 126 (Ala.Crim.App.1991). This Court affirmed the denial of Grau's petition. Grau v. State (No. CR-97-2274), 768 So.2d 1021 (Ala.Crim.App.1999) (table). The Supreme Court granted Grau's petition for a writ of certiorari and reversed this Court's decision, holding that it would be premature for an appellate court to review the issues without the circuit court's first making specific findings of fact. Ex parte Grau, 791 So.2d at 346-47. Based on its holding in Ex parte Grau, the Supreme Court appears to suggest that an appellate court should not be put in the position of being the first finder of fact  which is precisely what this Court has done with regard to Johnson's remaining claims.
Although I do not disagree with the majority's conclusion that remanding this case for the circuit court to enter a new order making specific findings of fact as to the claims raised would be a waste of *1053 judicial resources, the language of Rule 32.9(d), Ala.R.Crim.P., makes such action mandatory: in the event an evidentiary is conducted, "[t]he court shall make specific findings of fact relating to each material issue of fact presented." (Emphasis supplied.) Thus, we are compelled to remand this case. Therefore, I would urge the Alabama Supreme Court to consider amending Rule 32.9(d) so that in future cases, this Court has the discretion to determine whether a remand is necessary. However, based on the current language of Rule 32.9(d), I would remand this case for the circuit court to enter a new order containing findings of fact as to each material issue of fact regarding Johnson's claims. Accordingly, I must respectfully dissent.