PATTERSON, Judge.
The appellant, Ira Joe Harris, appeals from the trial court’s denial, without a hearing, of his petition filed pursuant to A.R.Cr.P. 32. On May 2,1990, the appellant pleaded guilty to robbery in the first degree and was sentenced to 30 years’ imprisonment. His conviction was affirmed by this court on November 30, 1990.
In his Rule 32 petition, the appellant presented four claims some of which contain related sub-claims. First, he claimed that his guilty plea was involuntary because, he says, the trial court did not ensure that he understood the plea, he was not informed of the elements of the offense, he was coerced by counsel into accepting the plea, and nei *1381 ther the trial court nor counsel determined whether he was competent to plead guilty.
Second, the appellant claimed that the trial court lacked jurisdiction because, he argues, the information by which he was charged did not allege “that [he] threatened or compelled acquiescence to the taking of or escaping with the property by using any force or deadly weapon as an instrument to compel the compliance of the alleged victim,” and that as a result he was entitled to be charged with the lesser included offense of “larceny.”
Third, the appellant claimed that his appellate counsel was ineffective because he filed a “Notice of Determination of Wholly Frivolous Appeal and Motion For Leave to Withdraw” in the trial court. A ruling on the motion was deferred to this court and, he claimed, the motion was never ruled on by this court. He claimed that as a result of appellate counsel’s action, the time for his direct appeal to this court passed without his taking an appeal.
Fourth, the appellant claimed that the state breached its plea agreement. He claimed that the state agreed that if he pleaded guilty he would be sentenced to 10 years’ imprisonment and that the state would dismiss a charge of unlawful possession of a forged instrument. He claimed that the state waited until he had pleaded guilty and then recommended that the trial court sentence him to 30 years’ imprisonment.
The trial court denied his petition without a hearing, and in so doing, stated the following:
“The petition under Rule 32 filed by the defendant/petitioner is denied without a hearing. The record in this case refutes every allegation contained in the petition. The attachments or exhibits attached to the petition along with the appellate court ruling all support this action. This court had jurisdiction[.] [T]he defendant understood what he was doing when he pleaded guilty by information!.] [T]he sentence was in accord with the negotiations[.] The defendant has had a fair, legal[,] and proper proceeding at every stage of this case.”
On appeal, the appellant raises several claims that he raised in his petition and also raises several new claims. We have a sufficient record before us to determine that two of these new claims are meritless. First, the appellant claims that the trial court erred by denying him a preliminary hearing to which he had a constitutional right. The case action summary, however, reveals that a preliminary hearing was held on February 2, 1990, in which probable cause was found to refer his case to the grand jury. Second, the appellant contends that the state did not prove at sentencing that he had a prior conviction. The record reveals, however, that his counsel admitted one prior felony conviction at sentencing.
The appellant also raises the following claims that we find are not refuted by the record as stated in the trial court’s order: 1) that the appellant was not correctly informed of the minimum and maximum range of sentence; 2) that the appellant was coerced by counsel into pleading guilty; and 3) that appellate counsel rendered ineffective assistance of counsel bn appeal.
Thus, because we find that the trial record is insufficient to determine whether these remaining claims have merit, this case is remanded with directions to the trial court to make written findings of fact in support of its order denying the appellant’s petition, or if necessary, to hold a hearing regarding those claims. In either case, the trial court shall submit to this court its written findings, determining whether the appellant was correctly informed of the minimum and maximum range of sentence prior to entering his plea, whether he was coerced by trial counsel to plead guilty, and whether appellate counsel rendered effective assistance of counsel. The trial court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time and within 30 days of the release of this opinion, if a hearing is unnecessary, or -within 90 days if the trial court determines that a hearing is necessary.
REMANDED WITH DIRECTIONS.
All Judges concur.