On Return to Remand

PATTERSON, Judge.
We remanded this case to the trial court on March 5, 1993, with instructions to enter written findings of fact to support its denial of Ira Joe Harris’s petition for post-conviction relief filed pursuant to AR.Cr.P. 32 and, if necessary, to hold an evidentiary hearing on his claims. 638 So.2d 1380. We instructed the trial court to submit written findings to us, determining whether the appellant had been correctly informed before entering his guilty plea of the minimum and maximum range of sentence he could receive, whether he had been coerced by trial counsel to plead guilty, and whether his appellate counsel had rendered effective assistance. The trial court complied with our instructions by holding an evidentiary hearing and making the required written findings. A return to remand has been filed that includes a transcript of the evidentiary hearing and the findings of the trial court.
The trial court found that the appellant had been correctly informed before entering his guilty plea of the minimum and maximum sentence that he could receive. The record of the proceedings below fully supports this finding. An Ireland form executed at the time and the testimony of trial counsel show that the appellant was properly advised of the range of punishment he faced prior to entering his plea.
The trial court found that the appellant had not been coerced by his trial counsel to plead guilty. The sole basis for the appellant’s contention that he was coerced into pleading guilty was that his counsel erroneously told him that the maximum sentence he faced was life imprisonment without parole and that he might receive that sentence if he did not plead guilty. The appellant’s trial counsel denied giving him such advice, and the Ireland form, which was signed by the appellant, refutes the appellant’s contention. While the appellant testified otherwise, the *1383 weight of the.evidence supports the finding of the trial court. The conflict in the evidence was for the trial court to resolve.
The appellant’s contention that he was denied effective assistance of counsel on appeal is without merit.[1] The only example of ineffective assistance he cites is his appellate counsel’s failure to raise on appeal his claim that his guilty plea had been coerced by his trial counsel’s erroneously advising him that the maximum sentence he could receive was life imprisonment without parole. As mentioned above, this issue was resolved adversely to him by the trial court. The failure to raise this issue on appeal, under the circumstances here, would not constitute ineffective assistance of counsel.
Having reviewed all issues raised by the appellant in his Rule 32 petition and in his briefs filed on appeal, and finding no merit in them, the judgment of the trial court denying the petition is due to be affirmed.
AFFIRMED.
All Judges concur.

. Appellate counsel filed with this court a no-merit brief in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).