The appellant, Jerry Lonzie Mancil, Jr., appeals the trial court's summary denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P.
The appellant was convicted of rape in the first degree, a violation of § 13A-6-61, Code of Alabama 1975, and was sentenced to life in the penitentiary. His appeal was dismissed by this Court in April 1994 as untimely filed.
The appellant raises several issues in his petition, and with the exception of the one addressed below, all could have been raised on direct appeal and are therefore precluded from appellate review under Rule 32.2(a)(5).
The appellant contends that his trial counsel's performance was ineffective because, he *Page 502 
says, counsel did not advise the appellant of his right to appeal or of the fact that there was a time limit within which to file notice of appeal. The trial court summarily denied the petition on the state's motion and did not address the appellant's contention concerning his failure to timely file notice of appeal. Appeal to this court has been ruled to be a matter of right. Failure to file a timely appeal to this court is a classic example of ineffective assistance of counsel.
The trial court erred to reversal in summarily denying the appellant's petition. "If the failure to timely file the notice of appeal was through no fault of the appellant's, he is entitled to an out-of-time appeal." Cox v. City of Atmore,677 So.2d 818, 818 (Ala.Cr.App. 1996). See also Starks v. State,662 So.2d 1214 (Ala.Cr.App. 1994). The appellant is entitled to an evidentiary hearing on this issue, and the trial court should make findings of fact as required by Rule 32.9(d), Ala.R.Crim.P. Due return should be filed with this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.