ON RETURN TO REMAND

TAYLOR, Presiding Judge.
The appellant, Jerry Lonzie Maneil, Jr., appealed the denial of his petition for post-conviction relief, filed pursuant to Rule 32, Ala.R.Crim.P. We remanded this cause so that the trial court could hold an evidentiary hearing on the appellant’s allegation that his counsel’s performance was ineffective because counsel did not advise him of the time limit for appealing his conviction. Mancil v. State, 682 So.2d 501 (Ala.Cr.App.1996).
The trial court has complied with our directions and has held a hearing on this issue. The trial court stated the following in its order on remand:
“The Defendant did not at the time material to perfecting an appeal of his conviction communicate to his attorney, the Court, or otherwise, any request or desire to take an appeal, and was not available for his attorney to properly advise him in regard thereto. Given the provisional nature of Judge Butts’s appointment of attorney Holmes to represent Defendant in the event of an appeal, the fact that Defendant voluntarily absented himself from trial and other proceedings after conviction, and Defendant’s failure to timely articulate an intent to appeal, the Court is constrained *503 to find that Defendant is absolutely at fault in the failure of his trial counsel to timely file a notice of appeal.”
The trial court correctly denied the appellant’s petition on this ground. The judgment denying the appellant’s petition for post-conviction relief is due to be affirmed.
AFFIRMED.
All the Judges concur.