710 So.2d 493 (1997)
Albert Frantiz BEDWELL IV, alias Frank Tez Weaver
v.
STATE.
CR-96-0953.
Court of Criminal Appeals of Alabama.
August 22, 1997.
Opinion on Return to Remand December 19, 1997.
*495 Albert Frantiz Bedwell IV, pro se.
Bill Pryor, atty. gen., and Jack W. Willis, asst. atty. gen., for appellee.
BROWN, Judge.
The appellant, Albert Frantiz Bedwell IV, alias, appeals from the trial court's summary denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P. The appellant pleaded guilty to assault in the first degree, assault in the second degree, and shooting into an occupied vehicle. He was sentenced, as a habitual felony offender, to three concurrent 20-year terms of imprisonment. No direct appeal was taken from these convictions.
In his petition, the appellant claims that he was denied the effective assistance of both trial and appellate counsel. Specifically, the appellant alleges that his counsel was ineffective because (1) he allegedly failed to perfect a direct appeal after being requested to do so[1]; (2) he erroneously advised the appellant concerning his eligibility for parole; (3) he allegedly failed to adequately conduct pretrial investigations; (4) he allegedly failed to challenge the indictment charging first-degree assault, which, the appellant claims, was defective; and (5) he allegedly rendered inadequate legal advice in association with the entry of the appellant's guilty pleas.
The state moved to dismiss the petition, stating that the appellant had failed to meet the requisite burden of proof. The circuit court subsequently denied the petition without an evidentiary hearing.
The appellant contends that the trial court erred in summarily dismissing his petition. Specifically, he claims that he presented sufficient facts, which if true, entitle him to relief; therefore, he argues, the trial court erred in denying his petition without an evidentiary hearing.
Where, as here, a defendant is represented at trial and on appeal by the same counsel, claims of ineffective assistance of trial counsel are cognizable in a petition for post-conviction relief under Rule 32, Ala. R.Crim.P. Ex parte Besselaar, 600 So.2d 978, 979 (Ala.1992). The appellant's allegations of ineffective assistance of trial counsel were properly raised in the Rule 32 petition.
To prevail on a claim of ineffective assistance of trial counsel, a defendant must show (1) that counsel's performance was deficient, and (2) that the defendant was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of guilty plea proceedings, a petitioner must show that but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). In the instant case, we find that the appellant's allegations of ineffective assistance of trial counsel were sufficiently detailed so as to meet the requisite burden of proof.
As noted, however, the appellant also asserted that appellate counsel was ineffective. Specifically, he alleged that his counsel failed to perfect an appeal, despite his specific request to do so. "Appeal to this court has been ruled to be a matter of right. Failure to file timely appeal to this court is a classic example of ineffective assistance of counsel." Mancil v. State, 682 So.2d 501, 502 (Ala.Cr. App.1996). See also, Ex parte Dunn, 514 So.2d 1300 (Ala.1987). Accordingly, because the appellant presented an allegation that, if true, entitles him to relief, the trial court erred in summarily dismissing this claim. Ex parte Boatwright, 471 So.2d 1257 (Ala. 1985).
Therefore, this cause is remanded to the trial court for a hearing on the appellant's allegations of ineffective assistance of counsel, both as to the allegations of ineffectiveness resulting in his guilty plea, as well as the allegations concerning his counsel's failure to perfect an appeal. In lieu of an evidentiary hearing, the trial court may take evidence as provided in Rule 32.9, Ala. R.Crim.P. In either event, the trial court *496 should make specific findings of fact as required by Rule 32.9(d), Ala.R.Crim.P. If a hearing is conducted, the return to remand shall contain a transcript of the proceedings. The trial court shall take all necessary action to ensure that the circuit clerk makes due return to remand at the earliest possible time and no later than 60 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.

On Return to Remand
BROWN, Judge.
On August 22, 1997, we remanded this case to the trial court so that it could address allegations of ineffective assistance of counsel, both at trial and on appeal, presented in the appellant's petition for post-conviction relief, filed pursuant to Rule 32, Ala.R.Crim.P. Specifically, we instructed the trial court to address the appellant's allegations that his counsel was ineffective because (1) he allegedly failed to perfect a direct appeal after being requested to do so; (2) he allegedly provided the appellant incorrect information concerning his eligibility for parole; (3) he allegedly failed to conduct adequate pretrial investigations; (4) he allegedly failed to challenge the indictment charging first-degree assault, which, the appellant claims, was defective; and (5) he allegedly rendered inadequate legal advice in association with the entry of the appellant's guilty pleas. The trial court complied with our instructions and has submitted a thorough written order, setting forth its reasons for denying the petition. The trial court based its findings on its personal knowledge of the appellant's guilty plea proceedings, the affidavit and supporting exhibits submitted by the appellant's counsel, and the appellant's sworn allegations, as set out in his Rule 32 petition.[1]
The appellant alleged in his petition that his counsel was ineffective because counsel failed to perfect a direct appeal, after being requested to do so. The affidavit of the appellant's counsel stated that although the appellant discussed with him the possibility of attempting to withdraw his guilty plea, counsel could recall no instance where the appellant instructed him to perfect an appeal. Further, none of the correspondence between the appellant and his counsel indicated that the appellant desired to appeal his conviction and sentence. In fact, when counsel inquired whether the appellant wanted him to take further action on his behalf, the appellant instructed counsel to close his file and send him copies of the various information contained in the file. A defendant cannot complain of ineffective assistance of counsel on appeal if the appellant chose not to pursue an appeal. Ex parte Dunn, 514 So.2d 1300, 1301 (Ala.1987).
The appellant further alleged that his counsel erroneously advised him concerning his eligibility for parole. His counsel's affidavit directly refutes this contention. The appellant also claimed that his counsel failed to conduct an adequate pretrial investigation. However, his counsel's affidavit set out in detail the extent of the pretrial investigation, including counsel's interview of the victims and his review of the victims' medical records. Although the appellant's petition contends otherwise, the weight of the evidence supports the finding of the trial court. The *497 conflict in the evidence was for the trial court to resolve. See Harris v. State, 638 So.2d 1382, 1383 (Ala.Cr.App.1993).
The appellant alleged that his counsel rendered ineffective assistance because counsel failed to challenge the indictment charging him with first-degree assault. The gist of the appellant's contention was that none of the victims suffered a "serious physical injury." Again, the affidavit of his counsel rebutted this contention. The medical records appended to the affidavit indicate that, as a result of the injuries inflicted by the appellant, one of the victims qualified for "emergency admission" to the University of South Alabama Medical Center because her life was in jeopardy and because there was a danger that she might lose her hand. Given this victim's injuries, the appellant's contention that he should not have been charged with first-degree assault is without merit. Counsel cannot be said to be ineffective for failing to file a motion for which there is no legal basis. See Patrick v. State, 680 So.2d 959, 963 (Ala.Cr.App.1996); Hope v. State, 521 So.2d 1383, 1386 (Ala.Cr.App.1988).
The appellant also complained that he received inadequate legal advice in association with the entry of his guilty pleas. Again, the affidavit of his attorney and the supporting exhibits contradict this argument. Indeed, counsel addressed at some length why pleading guilty was in the appellant's best interest. Among the factors considered by counsel before recommending that the appellant plead guilty were: (1) the nature, severity, and long-term impact of the injury to one of the victims; (2) the jury's probable sympathy toward one of the victims, who was an "innocent bystander" and who was shot while giving the other victim a ride home; (3) the fact that the appellant would have had to testify in order to provide evidence to support jury instructions on lesser included offenses, which most likely would have resulted in the impeachment of the appellant through the introduction of a prior felony conviction; and (4) the fact that the appellant faced a possible life sentence as a habitual felony offender if the jury found him guilty. Given these facts, counsel's recommendation that the appellant accept the state's offer of a 20-year sentence in return for pleading guilty was well within the range of reasonable professional assistance. "Strategic choices made after a thorough investigation of relevant law and facts are virtually unchallengeable." Ex parte Lawley, 512 So.2d 1370, 1372 (Ala. 1987).
Accordingly, the judgment of the trial court denying the petition is due to be affirmed.
AFFIRMED.
All the Judges concur.
NOTES
[1] Although it is not clear from the record, the inference is that the appellant's trial counsel also represented the appellant on appeal.
[1] In lieu of an evidentiary hearing, the trial court took evidence by affidavits, see Rule 32.9, Ala. R.Crim.P. The appellant was given 30 days in which to file an affidavit in support of his petition. When the appellant failed to file an affidavit within the 30-day period, the trial court granted him additional time. After the appellant failed to file an affidavit within the extended time period, the trial court made its findings based on the sworn allegations, set out in the Rule 32 petition. However, prior to the release of this opinion this Court received a supplemental record containing a document styled "Notice of Filing Affidavit in Response to Petition for Postconviction Relief Pursuant to Rule 32, Ala. R.Crim.P." Apparently, this document was received by the circuit clerk after the record on remand was returned to this Court on November 12, 1997. The circuit clerk then supplemented the record on remand with the appellant's response. The appellant's response was not timely and therefore was not considered by the trial court. We have reviewed the appellant's response. The response does nothing more than reiterate the facts and argument contained in the appellant's Rule 32 petition. Accordingly, we believe that it would be a waste of judicial resources to remand this matter to the trial court for further review.