LONG, Presiding Judge.
In his petition, Coleman claimed that his appellate counsel rendered ineffective assistance by failing to perfect a direct appeal after being requested to do so.[1] The state moved to dismiss Coleman’s petition, arguing that Coleman had failed to meet the requisite level of proof and that Coleman’s claim could have been raised at trial or on appeal and was, therefore, procedurally barred under Rule 32.2(a)(3) and (5), Ala.R.Crim.P. The trial court subsequently denied Coleman’s petition without an evi-dentiary hearing, stating as its reasons the same grounds set forth in the state’s motion to dismiss. The appellant, Vidal Coleman, appeals from the trial court’s summary denial of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P. On September 26, 1996, a jury found Coleman guilty of robbery in the first degree, a violation of § 13A-8-41, Ala.Code 1975. On December 16, 1996, the trial court sentenced Coleman to imprisonment for 20 years and 1 day. No direct appeal was taken from the conviction. Coleman filed his Rule 32 petition on May 5,1998.
On appeal, Coleman maintains that he presented sufficient facts in support of his claim, which, if true, entitle him to relief and that, consequently, the trial court erred in denying his petition without an evidentiary hearing.
As noted, Coleman claimed that his appellate counsel failed to perfect a direct appeal, despite Coleman’s request that counsel do so. A Rule 32 petition was Coleman’s first feasible means of presenting this claim to the trial court; thus, the trial court incorrectly ruled that Coleman’s claim was procedurally barred under Rule 32.2(a)(3) and (5), Ala.R.Crim.P. “Appeal to this court has been ruled to be a matter of right. Failure to file timely appeal to this court is a classic example of ineffective assistance of counsel.” Mancil v. State, 682 So.2d 501, 502 (Ala.Cr.App.1996). See also Bedwell v. State, 710 So.2d 493, 495 (Ala.Cr.App.1997). Because Coleman’s allegation, if true, entitles him to relief, the trial court erred in denying his petition without an evidentiary hearing. Bedwell, 710 So.2d at 495.
Therefore, this cause is remanded to the trial court for a hearing on Coleman’s allegation that his appellate counsel was ineffective for failing to perfect a direct appeal. In lieu of an evidentiary hearing, the trial court may take evidence as provided in Rule 32.9, Ala.R.Crim.P. See Bedwell, 710 So.2d at 495. In either event, the trial court should make specific findings of fact as required by Rule 32.9(d), Ala.R.Crim.P. If a hearing is conducted, the return to remand shall contain a transcript of the proceedings. The trial court shall take all necessary action to ensure that the circuit clerk makes due return to remand at the earliest possible time and no later than 56 days from the date of this opinion.
REMANDED WITH DIRECTIONS. 
McMILLAN, COBB, BROWN, and BASCHAB, JJ., concur.

. In support of his claim, Coleman attached to his petition copies of three canceled checks, which he alleged had been paid to the order of his retained appellate counsel for handling his direct appeal; copies of two letters purportedly from his appellate counsel, wherein counsel assures Coleman that he is working on Coleman’s case and that a notice of appeal would be filed; and a copy of a letter from the clerk of the Alabama Court of Criminal Appeals indicating that as of November 4, 1997, Coleman had no appeal pending in this court.