PATTERSON, Retired Appellate Judge.
The appellant, Dale Brewster, appeals from the circuit court’s summary denial of his postconviction petition filed pursuant to Rule 32, Ala. R.Crim. P. In his petition, he alleged that he failed to appeal his conviction and his 20-year sentence for manslaughter within the prescribed time and that that failure to appeal was without fault on his part. See Rule 32.1(f). He further asserted that his appointed trial counsel was ineffective for failing to follow his instruction, given on the day of sentencing, to appeal his conviction and sentence. The State’s response to Brewster’s petition was a general denial; therefore, the factual allegations of Brewster’s petition must be taken as true. See Scroggins v. State, 827 So.2d 878, 880 (Ala.Crim.App.2001).
The attorney general is correct to ask that this case be remanded for the circuit court to make specific factual findings as to whether Brewster was denied his right to appeal, not because of any fault of his own, but because of ineffective *1231 assistance of counsel. Brewster’s allegations, if true, would warrant the relief of an out-of-time appeal. See Wright v. State, 845 So.2d 886 (Ala.Crim.App.2001); Coleman v. State, 740 So.2d 480 (Ala.Crim.App.1998); Cox v. City of Atmore, 677 So.2d 818 (Ala.Crim.App.1996). He is entitled to a factual determination of this question.
Accordingly, this case is remanded to the circuit court for a hearing on Brewster’s allegations. In lieu of an evidentiary hearing, the circuit court may take evidence as provided by Rule 32.9(a). In either event, the circuit court should make specific findings of fact, as required by Rule 32.9(d). If the circuit court holds an evidentiary hearing, the return to remand shall include a transcript of that proceeding. The circuit court shall take all necessary action to ensure that the circuit clerk makes due return to remand at the earliest possible time and no later that 56 days from the date of this opinion.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
BASCHAB, J., concurs in the result.