The appellant, Xavier Mohandas Johnson, appeals from the circuit court's denial of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his June 2005 guilty-plea conviction for murder and his resulting sentence as an habitual felony offender with one prior felony conviction to 50 years' imprisonment. No direct appeal was taken from this conviction. *Page 1071 
On July 6, 2006, Johnson filed this, his first, Rule 32 petition in which he alleged: (1) that his conviction was obtained by a plea of guilty that was unlawfully induced or not voluntarily made because, he says, he did not understand the nature of the charges of the consequences of the plea; (2) that he was denied effective assistance of trial counsel;[1] (3) that the trial court was without jurisdiction to render a judgment or to impose his sentence because, he said, the trial court denied him an opportunity to make a statement to the Court before his sentence was imposed (i.e., an "allocution");[2] and (4) that his failure to appeal was through no fault of his own because, he said, counsel "failed to follow up about an appeal and failed to seek an appeal after petitioner's request." On August 1, 2006, the State filed its motion to dismiss, arguing that Johnson's petition was both precluded from appellate review and without merit. On August 23, 2006, the trial court issued an order summarily denying Johnson's Rule 32 petition. The court's order stated that the claims raised in Johnson's petition were precluded from review because Johnson failed to file his petition within the limitations period provided in Rule 32.2(c), Ala.R.App.P. and, further, because the claims could have been, but were not, raised on appeal. The court's order also stated that Johnson's claims that his trial counsel was ineffective and that his guilty plea was involuntary were without merit; however, the court's order made no reference to Johnson's attempt to gain an out-of-time appeal of his conviction and sentence. Johnson filed a motion for reconsideration, which the trial court denied on September 19, 2006. This appeal followed.
On appeal, Johnson contends that the trial court erred in denying his Rule 32 petition without first conducting an evidentiary hearing. He also claims that the trial court erred in dismissing his petition based on his failure to file it within the limitations period provided in Rule 32.2(c), Ala. R.Crim.P. He further claims that the facts asserted in his petition warranted an evidentiary hearing. Finally, he claims that he presented sufficient facts that, if true, entitle him to relief.
Initially, we note that Johnson's petition is not time-barred by the provisions of Rule 32.2(c), Ala.R.Crim.P. Our review of the record indicates that Johnson was sentenced on July 6, 2005. Because no direct appeal was taken from Johnson's conviction, he had one year after the time for filing an appeal lapsed — August 17, 2005" in which to timely file a Rule 32 petition. Thus, Johnson had until August 17, 2006, to file his Rule 32 petition. Johnson's petition, although not received and marked "filed" by the clerk's office until July 18, 2006, was considered filed as of July 6, 2006 — the date Johnson indicated that he placed the petition in the prison mail system. See Duren v. State, 813 So.2d 928, 929 n. 1 (Ala.Crim.App. 2000); Holland v. State, 621 So.2d 373,374-75 (Ala.Crim.App. 1993); Rule 4(c), Ala.R.App.P. Accordingly, *Page 1072 
Johnson's Rule 32 petition was timely filed.
A challenge to the voluntariness of a guilty plea may be presented for the first time in a timely filed Rule 32 petition. See Cantu v. State, 660 So.2d 1026, 1027
(Ala. 1994); Faulkner v. State, 741 So.2d 462
(Ala.Crim.App. 1999); Boykin v. State, 708 So.2d 210
(Ala.Crim.App. 1997). This Court has held that
 "at the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner must provide only `a clear and specific statement of the grounds upon which relief is sought.' Rule 32.6(b), Ala. R.Crim.P. Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof."
Ford v. State, 831 So.2d 641, 644
(Ala.Crim.App. 2001).
Here, Johnson claimed that his plea was involuntary because, he says, his counsel told him that if he entered a "blind plea" he would receive a sentence of 20-25 years; instead, he was sentenced to 50 years' imprisonment. Alternatively, Johnson claimed that his counsel was ineffective for inducing him to enter a blind plea. "[A] misrepresentation by a defendant's counsel, if material, may render a guilty plea involuntary."Ex parte Blackmon, 734 So.2d 995, 997 (Ala. 1999). See also Minor v. State, 627 So.2d 1071
(Ala.Crim.App. 1992). In Ford v. State, we held that a petitioner's claim that his plea was involuntary because of his counsel's alleged misrepresentation that he would receive a split sentence if he pleaded guilty was sufficiently pleaded to warrant an evidentiary hearing. 831 So.2d at 644. Although the State's answer and motion for summary dismissal contend that Johnson's plea was knowingly and voluntarily entered, it made no reference to Johnson's specific claim as to any representations regarding the length of his sentence. Moreover, although the State claims that Johnson was fully apprised of his rights before pleading guilty — by his execution of a waiver-of-rights and plea-of-guilty form — no copy of that document was offered in support of this contention. SeeBaker v. State, 111 So.2d 859, 861 n. 2 (Ala.Crim.App. 1996) ("District attorneys would be well advised when answering Rule 32 petitions presenting `voluntariness' claims to take steps to generate transcripts of the guilty plea proceedings under attack when transcripts of those proceedings do not already exist."). Because Johnson pleaded sufficient facts that would entitle him to relief, it is necessary to remand this case for additional proceedings on this claim.
The court likewise rejected Johnson's claim that his trial counsel rendered ineffective assistance of counsel. However, the court's order contained no specific findings of fact with regard to Johnson's allegations of ineffective assistance of counsel or Johnson's attempt to obtain an out-of-time appeal. In response to Johnson's claims that his counsel rendered ineffective assistance, the court simply set out the two-pronged test set out in Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and noted that, when a court is reviewing postconviction claims for relief based on ineffective assistance of counsel, "counsel is presumed to be adequate." Moreover, the court's order made no specific findings regarding Johnson's attempt to obtain an out-of-time appeal, based on his claim that counsel *Page 1073 
failed to file an appeal after being requested to do so.
To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance was deficient, and (2) that he was prejudiced by the deficient performance. Strickland v. Washington,466 U.S. at 687, 104 S.Ct. 2052; Ex parte Lawley, 512 So.2d 1370,1372 (Ala. 1987). In the context of a guilty-plea proceeding, a petitioner must show that, but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on proceeding to trial. Hill v. Lockhart,474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
Rule 32, Ala.R.Crim.P., requires the circuit judge to conduct an evidentiary hearing on a Rule 32 petition when the petition is meritorious on its face. However, the Alabama Supreme Court has held that the circuit judge who presided over the petitioner's trial and observed the conduct of the petitioner's attorneys at trial need not hold a hearing on the effectiveness of those attorneys based upon conduct that he observed. Exparte Hill, 591 So.2d 462, 463 (Ala. 1991). The fact that the circuit judge is not required to conduct an evidentiary hearing on a petitioner's claims of ineffective assistance of trial counsel if that judge personally observed the conduct of those counsel does not, however, relieve the judge of the responsibility of entering a sufficiently specific order addressing each of the petitioner's claims of ineffective assistance of trial counsel. See Alvis v. State,762 So.2d 380 (Ala.Crim.App. 1999); Benefield v. State,583 So.2d 1370, (Ala.Crim.App. 1991) (noting in both cases that meritorious allegations "warrant either an evidentiary hearing or an adequate explanation for their denial"). In the instant case, we find that Johnson's allegations of ineffective assistance of counsel were sufficiently detailed so as to meet the requisite burden of pleading. Given Johnson's allegations, the circuit court should have — at the very least — made specific findings of fact regarding Johnson's claims of ineffective assistance of trial counsel.
As noted, Johnson also claimed that he failed to file a timely appeal of his conviction through no fault of his own. Such a claim is, by its very nature, intertwined with a claim of ineffective counsel. Indeed, Johnson alleged that his counsel failed to perfect an appeal, despite Johnson's specific request that he do so. "Appeal to this court has been ruled to be a matter of right. Failure to file timely appeal to this court is a classic example of ineffective assistance of counsel." Mancil v. State, 682 So.2d 501, 502
(Ala.Crim.App. 1996). See also Ex parte Dunn,514 So.2d 1300 (Ala. 1987); Bedwell v. State, 710 So.2d 493
(Ala.Crim.App. 1997). No appeal of Johnson's murder conviction was filed with this Court. See Nettles v. State,731 So.2d 626, 629 (Ala.Crim.App. 1998) (this Court may take judicial notice of its own records). Because Johnson presented an allegation that, if true, entitles him to relief, the trial court erred in summarily dismissing this claim. Ex parteBoat-wright, 471 So.2d 1257 (Ala. 1985).
This case is remanded to the trial court with instructions that the court enter a new order specifically addressing Johnson's claims challenging the voluntariness of his guilty plea, the competence of his trial counsel, and his request for an out-of-time appeal. In remanding this case, we encourage the trial court to order that a transcript of Johnson's guilty-plea hearing be prepared and that a copy of that transcript — together with any other documents that address the circumstances surrounding the entry of Johnson's guilty plea — be included in the court's return to remand. Should the circuit court deem it necessary *Page 1074 
to hold an evidentiary hearing addressing Johnson's claims, [3] the court's return to remand shall include a transcript of those proceedings. Rule 32.9(d), Ala.R.Crim.P., requires the trial court to "make specific findings of fact relating to each material issue of fact presented." See alsoEx parte Walker, 652 So.2d 198 (Ala. 1994); Smithv. State, 665 So.2d 954 (Ala.Crim.App. 1994). However,
 "if the court finds that a particular allegation fails to meet the requirements of specificity of Rule 32.6(b), we encourage the court to so note with particularity in its written findings. It is to do likewise if it finds that a particular allegation fails to state a claim or to present any material issue of fact or law that would entitle [the petitioner] to relief. In other words, the court's written findings are to address individually each claim not precluded by Rule 32.2."
Harper v. State, 676 So.2d 949, 950
(Ala.Crim.App. 1995), aff'd, 698 So.2d 796 (Ala.Crim.App. 1996) (table). Finally, if the court's findings are based on its personal knowledge of Johnson's guilty-plea proceedings, then the order should so state. See Sheats v. State,556 So.2d 1094, 1095 (Ala.Crim.App. 1989).
Our decision should not be interpreted as a decision regarding the merits of Johnson's claims. Indeed, Johnson's claims may well turn out to be meritless. However, neither the State's response nor the trial court's written order refute his allegations of fact. It would be premature for this Court to review Johnson's claims without the circuit court first making specific findings of fact as to Johnson's claims. See Exparte Grau, 791 So.2d 345, 346-47 (Ala. 2000); Adkinsv. State, 930 So.2d 524, 530 (Ala.Crim.App. 2001).
The trial court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
BASCHAB, P.J., and McMILLAN, SHAW, and WELCH, JJ., concur.
[1] Johnson alleges that his trial counsel was ineffective because, he said: (a) counsel advised him to enter a blind plea to a Class A felony without investigating the facts of the case and "with the presence of one prior felony conviction"; (b) counsel failed to require the trial court to conduct a full colloquy as required by Rule 14.4, Ala.R.Crim.P., and that he was not properly informed as to the nature and consequences of a guilty plea; and (c) trial counsel failed to object when no factual basis was established as required by Rule 14.4, Ala.R.Crim.P.
[2] Because Johnson does not argue this claim in his appellate brief, it is deemed abandoned for purposes of appeal. SeeSlaton v. State, 902 So.2d 102, 109
(Ala.Crim.App. 2003) (citing Brownlee v. State,666 So.2d 91, 93 (Ala.Crim.App. 1995)).
[3] See Rule 32.9(a), Ala.R.Crim.P.
* Note from the reporter of decisions: On December 7, 2007, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On January 11, 2008, that court denied rehearing, without opinion. *Page 1075