WISE, Judge.
 

 The appellant, Cedrick Lavonne Davis, appeals from the circuit court’s dismissal of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his December 2004 convictions for robbery in the first degree, unlawful possession of a controlled substance, and theft of property in the first degree; he was sentenced as a habitual felony offender to life imprisonment for the robbery conviction, that sentence to run consecutively to the sentences imposed in cases no. CC-03-2553, no. CC-03-2554, and no. CC-04-0687. No direct appeal was taken from these convictions.
 

 On September 8, 2005, Davis filed this, his first, Rule 32 petition wherein he alleged: (1) that his failure to file an appeal within the prescribed time was without fault on his part and (2) that he was denied effective assistance of appellate counsel because, he said, counsel failed to perfect an appeal after being requested to do so. On November 10, 2005, the State filed a response, requesting the circuit court to conduct an evidentiary hearing. On March 15, 2007, the circuit court issued an order dismissing Davis’s petition.
 
 [1]
 
 Although the State’s response and the circuit court’s
 
 *1072
 
 order denying Davis’s petition referenced only Davis’s first-degree robbery conviction, the petition clearly also challenged his convictions for possession of a controlled substance and theft of property in the first degree. (C. 9, 17-18.) We are aware too that Rule 32.1, Ala.R.Crim.P., provides that “[a] petition that challenges multiple judgments entered in more than a single trial or guilty-plea proceeding shall be dismissed without prejudice.” However, we have reviewed the record and it is clear that Davis was convicted in CC-04-1836, CC-04-1837, and CC-04-1839 in a single trial proceeding. Thus, the prohibition in Rule 32.1 against challenging multiple judgments entered in more than one trial is inapplicable. We can find no explanation in the record as to why the petition was considered as apparently challenging a sole conviction and sentence, when the petition itself clearly referenced each of the convictions.
 

 On appeal, Davis reasserted the claims presented in his petition to the circuit court. He also argues that the circuit court erred in not conducting an evidentia-ry hearing.
 

 Davis argues that his failure to file an appeal within the prescribed time was through no fault of his own. Additionally, he contends that he was denied effective assistance of appellate counsel because, he said, counsel failed to file his appeal per his request. “Appeal to this court has been ruled to be a matter of right. Failure to file a timely appeal to this court is a classic example of ineffective assistance of counsel.”
 
 Mancil v. State,
 
 682 So.2d 501, 502 (Ala.Crim.App.1996). See also
 
 Ex parte Dunn,
 
 514 So.2d 1300 (Ala.1987);
 
 Bedwell v. State,
 
 710 So.2d 493 (Ala.Crim.App.1997). No appeal of Davis’s convictions was filed with this Court. See
 
 Nettles v. State,
 
 731 So.2d 626, 629 (Ala.Crim.App.1998) (this Court may take judicial notice of its own records). Because Davis presented a claim that, if true, would entitle him to relief, the trial court erred in summarily dismissing this claim.
 
 Ex parte Boatwright,
 
 471 So.2d 1257 (Ala.1985).
 

 Based on the foregoing, this cause is remanded to the circuit court for a hearing on all Davis’s ineffective-assistance-of-counsel allegations, particularly those involving Davis’s request for an out-of-time appeal based on his counsel’s failure to file a timely notice of appeal. On remand, the circuit court should either (1) docket the petition as challenging the three convictions set out in the petition, consider the claims in Davis’s petition as they relate to all of his convictions, and issue a new order ruling on Davis’s petition; or (2) issue a new order ruling on Davis’s petition, explaining why limiting the petition to a challenge of only a single conviction was proper. The circuit court should make specific findings of fact as required by Rule 32.9(d), Ala.R.Crim.P., and the return to remand shall contain a transcript of the proceedings. If the circuit court determines that Davis is entitled to relief, then the court may grant such relief as it deems appropriate.
 

 The circuit court shall take all necessary action to ensure that the circuit clerk makes due return to remand at the earliest possible time and no later than 56 days from the date of this opinion.
 

 REMANDED WITH DIRECTIONS.
 

 BASCHAB, P.J., and McMILLAN, SHAW, and WELCH, JJ, concur.
 

 [1]
 

 . On February 13, 2007, Davis filed a petition for a writ of mandamus, which this Court dismissed on March 15, 2007.