WISE, Judge.
 

 The appellant, Marco C. Carson, appeals from the circuit court’s denial of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his June 2006 guilty-plea convictions for possession of marijuana in the first degree, receiving stolen property in the second degree, and receiving stolen property in the first degree, and his resulting sentences as an habitual felony offender to concurrent terms of 25 years’ imprisonment for each conviction. No direct appeal was taken from these convictions.
 

 On June 27, 2007, Carson filed this, his first, Rule 32 petition, in which he alleged: (1) that his sentence exceeded the maximum authorized by law because, he said, there is no record he was sentenced according to the Alabama Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975 (“the HFOA”); (2) that his guilty pleas were not made voluntarily because, he
 
 *556
 
 said, he was not properly informed of the minimum and maximum sentences he was eligible to receive; and (3) that he was denied effective assistance of counsel.
 
 [1]
 
 On or about October 30, 2007, the State filed its motion to dismiss Carson’s petition; it argued that his petition was both procedurally barred and without merit. On October 31, 2007, the circuit court issued an order denying Carson’s petition. This appeal followed.
 

 On appeal, Carson reasserts the claims argued in his petition to the circuit court.
 

 I.
 

 Carson first contends that his sentence exceeds the maximum authorized by law because, he says, there is no record he was sentenced according to the HFOA. The record refutes this claim, specifically noting that Carson received notice of the State’s intent to have him sentenced as an habitual felony offender. (C. 2, 12.) Our review of the record indicates that pursuant to a negotiated plea arrangement in which the State nolle prossed a first-degree-burglary charge that could have resulted in a sentence of life imprisonment without the possibility of parole, Carson was sentenced to 25 years’ imprisonment for each conviction under the HFOA, the sentences to be served concurrently. (C. 3, 8, 13.) As a result, this claim is without merit.
 

 II.
 

 Carson contends that his guilty pleas were not made knowingly and voluntarily because, he said, he was not properly informed of the minimum and maximum sentences he was eligible to receive. Challenges to the voluntariness of a guilty plea may be raised for the first time in a timely filed postconviction petition. See Cantu
 
 v. State,
 
 660 So.2d 1026 (Ala.1995);
 
 Faulkner v. State,
 
 741 So.2d 462 (Ala.Crim.App.1999). Although in its answer and motion for a summary dismissal of Carson’s Rule 32 petition the State contended that Carson’s pleas were knowingly and voluntarily entered, it made no reference to Carson’s specific claim that he had not been informed of the minimum and maximum sentences he was eligible to receive. Moreover, although the State claims that Carson was fully apprised of his rights before pleading guilty — by his execution of a waiver-of-rights and plea-of-guilty form (C. 38.) — no copy of that document was offered in support of this contention. See
 
 Baker v. State,
 
 717 So.2d 859, 861 n. 2 (Ala.Crim.App.1996) (“District attorneys would be well advised when answering Rule 32 petitions presenting ‘voluntariness’ claims to take steps to generate transcripts of the guilty plea proceedings under attack when transcripts of those proceedings do not already exist.”).
 

 III.
 

 The circuit court likewise rejected Carson’s claim that his trial counsel had rendered ineffective assistance. However, the court’s order contained no specific findings of fact with regard to Carson’s allegations of ineffective assistance of counsel, particularly Carson’s claim that counsel failed to file an appeal after being requested to do so. (C. 34.) To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel’s performance was deficient, and (2) that he was prejudiced by the deficient perform
 
 *557
 
 ance.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
 
 Ex parte Lawley,
 
 512 So.2d 1370, 1372 (Ala.1987). In the context of a guilty-plea proceeding, a petitioner must show that, but for counsel’s errors, the petitioner would not have pleaded guilty but would have insisted on proceeding to trial.
 
 Hill v. Lockhart,
 
 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In the instant case, we find that Carson’s allegations that his guilty plea was made involuntarily and that he was denied effective assistance of counsel were sufficiently detailed so as to meet the requisite burden of proof. Thus, the circuit court should have made specific findings of fact regarding these claims.
 

 As noted, Carson also claimed that his appellate counsel was ineffective because, he alleged, counsel failed to perfect an appeal, despite his specific request to do so. “Appeal to this court has been ruled to be a matter of right. Failure to file timely appeal to this court is a classic example of ineffective assistance of counsel.”
 
 Mancil v. State,
 
 682 So.2d 501, 502 (Ala.Crim.App.1996). See also
 
 Ex parte Dunn,
 
 514 So.2d 1300 (Ala.1987);
 
 Bedwell v. State,
 
 710 So.2d 493 (Ala.Crim.App.1997). No appeal of Carson’s convictions was filed with this Court. See
 
 Nettles v. State,
 
 731 So.2d 626, 629 (Ala.Crim.App.1998) (this Court may take judicial notice of its own records). Because Carson presented allegations that, if true, entitle him to relief, the trial court erred in summarily dismissing this claim.
 
 Ex parte Boatwright,
 
 471 So.2d 1257 (Ala.1985).
 

 Based on the foregoing, this cause is remanded to the circuit court for a hearing on Carson’s allegation that his guilty plea was made involuntarily and that he was denied effective assistance of counsel. In lieu of a hearing, the circuit court may take evidence as provided in Rule 32.9, Ala.R.Crim.P. In either event, the circuit court should make specific findings of fact as required by Rule 32.9(d), Ala.R.Crim.P. If a hearing is conducted, the return to remand shall contain a transcript of the proceedings. If the circuit court determines that Carson is entitled to relief, then the court may grant such relief as it deems appropriate.
 

 The circuit court shall take all necessary action to ensure that the circuit clerk makes due return to remand at the earliest possible time and no later than 56 days from the date of this opinion.
 

 REMANDED WITH DIRECTIONS.
 
 *
 

 BASCHAB, P.J, and McMILLAN and WELCH, JJ., concur. SHAW, J., concurs in the result.
 

 [1]
 

 . Carson argues that he was denied effective assistance of counsel because, he said: (a)
 
 counsel
 
 failed
 
 to make sure he was
 
 properly sentenced; (b) counsel coerced him into pleading guilty; (c) counsel failed to inform him of the minimum and maximum sentences he was eligible to receive; and (d) counsel failed to file an appeal, despite being notified that Carson wished to pursue an appeal. (C. 29-35.)
 

 *
 

 Note from the reporter of decisions: On February 13, 2009, on return to remand, the Court of Criminal Appeals affirmed, without opinion.