MOORE, Chief Justice
(dissenting).
Based on the facts properly before us, I believe that Robert Anthony Simmons is entitled to an evidentiary hearing on his ineffective-assistance-of-counsel claims.
I.
Simmons was convicted of first-degree sodomy and first-degree sexual abuse. The victim was his then six-year-old stepdaughter, D.Q. Although the events at issue occurred in 1986 when Simmons was 30, the trial did not occur until almost 25 years later. At trial, the victim, then more than 30 years old, testified to the abuse. Simmons filed a timely Rule 32, Ala. R.Crim. P., petition for postconviction relief, arguing ineffective assistance of counsel on the basis of (1) evidence that was not presented at trial and (2) inadequate objections and cross-examination by trial counsel.
Simmons seeks certiorari review of the decision of the Court of Criminal Appeals affirming, by unpublished memorandum, the summary denial of his Rule 32 petition. Simmons v. State (No. CR-13-1727, April 10, 2015), — So.3d — (Ala.Crim.App.2015) (table). The merits of Simmons’s claims are not before us. The issues before us are (1) whether Simmons alleged specific facts that, if true, would entitle him to an evidentiary hearing on his Rule 32 allegations, and (2) whether he was entitled to a written explanation from the trial court of its reasons for denying his petition. As discussed below, I believe that Simmons’s argument that he was entitled to an evidentiary hearing has merit and that it was properly preserved.[1]
II.
A Rule 32 petition must be specific:
“Each claim in the [Rule 32] petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.”
*1005 Rule 32.6(b), Ala. R.Crim. P. In its unpublished memorandum, the Court of Criminal Appeals lists 17 reasons, derived from Simmons’s Rule 32 petition, why his trial counsel’s- performance was deficient. Even though not described in detail in the memorandum, at least some of the grounds listed appear to have the specificity that would entitle Simmons to an evi-dentiary hearing:
“Specifically, Simmons alleged that his trial counsel was ineffective because, he said, his trial counsel (1) failed to ask the State for its notice of intent to use Rule 404(b), Ala. R. Evid., before trial; (2) failed to object to 23 different questions and answers during D.Q.’s testimony; (3) failed to effectively cross-examine D.Q.; (4) failed to research D.Q.’s criminal history; (5) ‘aroused sympathy’ for D.Q. by saying she had been abandoned by her family; (6) failed to ascertain the dates on which the offense was alleged to have been committed; (7) failed to prove the content of a Department of Human Resources (‘DHR’) report which, he said, indicated that ‘the examination ivas not going to prove sexual abuse had occurred’; (8) failed to subpoena the doctor who examined D.Q. to testify at trial; (9) failed to question juror no. 81, who was struck for cause and who, Simmons said, might have been a witness at trial; (10) failed to subpoena the DHR representative who had investigated the case; (11) failed to present testimony of Simmons’s background; (12) failed to present testimony of D.Q.’s mother’s statement to Simmons in which she told Simmons that the charges had been dropped; (13) failed to make an offer of proof about Simmons’s ex-wife’s extramarital affair; (14) failed to call witnesses to contradict parts of D.Q.’s testimony; (15) failed to call character witnesses for Simmons at trial and at the sentencing hearing; (16) failed to show that the reason for the delay in trial was not because Simmons was attempting to evade • prosecution; and (17) failed to file discovery requests.”
(Emphasis added.)
The Court .of Criminal Appeals did not dispute that Simmons had alleged deficient performance on the part of his trial counsel sufficient to entitle him to an evidentia-ry hearing. That court instead stated that Simmons had failed to allege facts sufficient to prove that he had been prejudiced by the deficient performance. “The defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
At the pleading stage, a defendant need not prove his allegations but need only present facts that, if true, would entitle him to relief. Johnson v. State, 835 So.2d 1077, 1079-80 (Ala.Crim.App.2001). Trivial or harmless error does not rise to the level of prejudicial error. But many of the allegations listed in the unpublished memorandum of the Court of Criminal Appeals appear far from trivial. In particular, allegation 7 (that counsel failed to prove the contents of the Department of Human Resources (“DHR”) report that would show that sexual abuse had not occurred), allegation 8 (that counsel failed to subpoena the doctor who had examined D.Q. to testify), and allegation 10 (that counsel failed to call as a witness the DHR representative who had investigated the case) would, if true, create a legally sufficient doubt as to Simmons’s guilt in'the minds of the jurors* i.e., a reasonable probability that the outcome of the proceeding would have been different.
*1006 The Court of Criminal Appeals argued in a footnote that Simmons did not sufficiently identify witnesses that Simmons’s trial counsel should have called or state what the testimony of those witnesses would have been. But allegations 7, 8, and 10, taken together, specifically identify the examining doctor and the DHR representative as witnesses and proof of the facts alleged in the DHR report as the reason for them testimony. At the pleading stage such allegations are sufficient. Rule 32.6(b) requires only “a clear and specific statement of the grounds upon which relief is sought.” The purpose of the evidentiary hearing is to find the facts. Rule 32.9(a), Ala. R.Crim. P. After the hearing, the court “shall make specific findings of fact relating to each material issue of fact presented.” Rule 32.9(d), Ala. R.Crim. P.
But in this case no hearing occurred. Instead, the trial court summarily dismissed the petition, an action that is appropriate only if “the petition is not sufficiently specific, or is precluded, or fails to state a claim, or ... no material issue of fact or law exists which would entitle the petitioner to relief under this rule and ... no purpose would be served by any further proceedings.” Rule 32.7(d), Ala. R.Crim. P.
III.
Simmons included in his petition for a writ of- certiorari five pages of detailed examples of alleged failures to object to portions of the victim’s testimony and two pages concerning the evidentiary significance of the DHR report taken from his amended petition in the trial court. He also included as an exhibit to his petition in this Court the DHR report in question. Evidence from the trial record, however, may not be considered by this Court in reviewing a petition for a writ of certiorari unless those facts appeared either in the opinion or unpublished memorandum of the Court of Criminal Appeals or in a statement of facts in. an application for rehearing before that court. See Rule 39(d)(5)(A), Ala R.App. P. Because Simmons did not verify that the additional facts stated in his petition to this Court were “a. verbatim copy of the statement presented to the court of appeals in the application for rehearing,” Rule 39(d)(5)(A)(ii), Ala. R.App. P., the only facts this Court may consider in evaluating Simmons’s petition are those stated by the Court of Criminal Appeals in its unpublished memorandum.
The facts stated by the Court of Criminal Appeals summarize the DHR evidence with sufficient specificity. Simmons’s in-elusion in his petition for a writ of certiora-ri of two pages of allegations about the DHR evidence taken from his amended Rule 32 petition in the trial court may, at first blush, appear to be an improper attempt to import an additional unverified statement of facts into his petition. This concern, however, may be unfounded because those “facts” in large measure repeat the facts stated in the unpublished memorandum of the Court of Criminal Appeals, facts we may consider. In particular, the statement of facts in Simmons’s petition for certiorari review refers to “information regarding an examination of the alleged victim by a physician which showed no sexual abuse had occurred.” This factual statement parallels allegation 7 in the unpublished memorandum of the Court of Criminal Appeals. Another factual statement in the petition refers to “fail[ure] to call as a witness for [Simmons] the DHR representative who prepared the report.” This statement parallels allegation 10 in the unpublished memorandum of the Court of Criminal Appeals. An additional factual statement alleges deficient performance of counsel in failing to call the examining physician as a witness. This statement *1007 parallels allegation 8 in the unpublished memorandum.
Because the facts' ásserted as to the DHR report, the examining' doctor, and the DHR representative all parallel statements in the unpublished memorandum of the Court of Criminal Appeals, those facts are properly before us. The allegation that Simmons’s counsel failed to present critical evidence supporting the proposition that sexual abuse had not occurred would, if proven, create “a reasonable probability that, but for counsel’s unprofessional errors, the results of the proceeding would have been different.” Strickland, 466 U.S. at 694.
IV.
In his petition for a writ of certiorari, Simmons clearly argues that the deficient performance of his counsel caused him prejudice:
“The deficient performance of [Simmons’s] counsel in failing to call as a witness for [Simmons] the DHR representative who' prepared the report ... and to introduce the said report in evidence was actually prejudicial to [Simmons] in that it was a failure to present evidence strongly impeaching the alleged victim and evidence strongly favorable to [Simmons] which would have justified an acquittal on at least one charge made against him.”
Petition, at 12. Furthermore, he argued that the “physician could present testimony refuting one or both charges made in the indictments and justifying an acquittal of [Simmons], and the absence of such testimony was actually and highly prejudicial to [Simmons].” . Id.[2]
Simmons was entitled to an evidentiary hearing on his allegations about the DHR evidence. “Because [Simmons] presented allegations that, if true, entitle him to relief, the trial court erred in summarily dismissing this claim.” Carson v. State, 15 So.3d 554, 557 (Ala.Crim.App.2008). . I would issue the writ on this ground. Therefore, I dissent.

. Simmons is incorrect in his assertion that a trial court must provide a written explanation for the summary denial of a Rule 32 petition. “Rule 32.7 does not require the trial court to make specific findings of fact upon a summary dismissal.” Fincher v. State, 724 So.2d 87, 89 (Ala.Crim.App.1998).

. Although presented in the "additional facts” section of Simmons's petition for certiorari review, these statements are no more than argument about the facts stated by the Court of Criminal Appeals in its unpublished memorandum.